# Noble *against* M'Clintock.

Upon the second trial of a cause, in which a former judgment has been reversed, the counsel of either party has a legal right to read the opinion of the Supreme Court to the jury.

If a witness be out of the State, notes of his testimony proved to have been correctly taken upon a former trial of the cause, may be read in evidence. But if it appear that the witness absented himself from that trial before he was fully examined, his testimony given cannot be read in evidence.

A party is entitled to an explicit answer by the court, in their charge to the jury, to every point of law submitted by his counsel: and it is error to omit to answer.

ERROR to the District Court of *Allegheny* county.

This was an action of *assumpsit* for goods sold and delivered, brought by Washington M'Clintock & Co. against Lewis Noble & Co. For a former report of this case, see 2 *Watts & Serg.* 152. On this trial the defendant's counsel offered to read to the jury the opinion of the Supreme Court in this case. This was objected to, and overruled by the Judge, who assigned the following reasons :

"On a late ineffectual attempt to try this cause, a use, or rather abuse, was made of that case which I cannot permit to be repeated. The opinion of the Supreme Court delivered on the case before them is not at all relevant to this case now before us; no point of law raised in this case was passed upon by that Court. On the first trial of the cause before me, Judge Shaler, then counsel for defendants, made two points of law, both of which I ruled against him, to which ruling he excepted; and I drew up my opinion afterwards in a few words, so as fairly to state the points of law ruled, without pretending to set forth my usual directions to the jury to judge of the facts for themselves. But when the cause came to be argued in the Supreme Court, new counsel employed excepted to the opinion because it did not submit the facts to the

jury, and the cause was reversed for that objection; (one not true in fact, but which the brief and careless abridgement of my charge left it entirely open to;) and in the reasons given for reversal some opinions on the facts are given by Judge Rogers, but which, on the issues trying in this court, are wholly irrelevant. On the late trial these remarks were read and commented on to the jury, and they were led to believe that the Supreme Court had decided all the law and facts of the case, and a portion of the jury were induced to disregard everything said to them by this court; and as the jury could not agree as to which court they were bound to obey, our time was lost, no verdict being rendered."

The defendant excepted to this opinion, and the court sealed a bill of exception.

The plaintiffs offered to read the notes of the testimony of David Noble, taken on the first trial of the cause, after proving that the witness then lived at St Louis. The defendant objected on the ground that his deposition might have been taken on a commission; and also because the witness had not been fully examined; and in support of the latter objection it was proved, that the witness had been examined, cross-examined, and dismissed from the stand, but was then requested to return the next morning: that two other witnesses were examined before the court adjourned; that next morning, upon search being made, the witness could not be found, although he resided in the city. The court overruled the objections and sealed a bill of exception.

The defendants requested the court to charge the jury upon certain points, which are sufficiently stated in the opinion of the court.

*Loomis,* for plaintiff in error.
*Lowrie,* for defendant in error.

The opinion of the Court was delivered by

Kennedy, J.—The first error assigned is, that the court below refused to permit the counsel of the plaintiffs in error, who were the defendants there, to read the opinion of the Supreme Court in this case, delivered on a former writ of error, reversing the opinion of the court below and awarding a *venire facias de novo,* saying, " to read it to the court was unnecessary, and to the jury improper." And in connection with this may be taken the answer of the court below to the first point submitted by the counsel of the defendants, whereby the court was requested to charge the jury, " that the decision of the Supreme Court of this State, upon any question or questions of law arising in this case, are binding upon this court and this jury, and that the defendants have a legal right to present through their counsel any such decisions to the consideration of the court and jury." To which the court say, " the first proposition is correct; but the law is for the court, and is to be

presented to the jury through the court.    This court will not per-
mit counsel to appeal to the jurors over the head of this court by
*reading* the law to them."    The learned Judge further, after
speaking of this case having been before the Supreme Court on
facts entirely different from those then presented, says; " I have
seen so frequent abuse arising from the reading of the opinions of
the Judges of the Supreme Court to the jury on a re-trial of re-
versed cases, that I intend making it a rule of court, hereafter, that
it shall not be done," &c.    Now although it must be admitted that
it belongs to the Judges to answer to questions of law, and to the
jury to answer to those of fact, yet every issue of fact, which can
only be tried by a jury, involves questions of law that must also
be decided by them, if they choose to give a general verdict, from
which they cannot be restrained.    In doing so, it is true, that they
have the direction of the court to aid them in determining the law
of the case.    But still this shows, when the cause is committed to
the decision of a jury, that the facts and the law cannot be sepa-
rated, but must be determined by them, unless they, of their own
will, choose to do so by giving a special verdict, finding the facts
only, so as to refer it to the court to pronounce the law upon them,
by rendering a judgment for the plaintiff or the defendant, as the
law may seem to require.    It must also be remembered that ques-
tions frequently arise and present themselves on the trial of causes
before a jury, consisting partly of fact and partly of law, so closely
blended that it is difficult, if not utterly impracticable, to discuss
the facts, without at the same time discussing and showing what
the law is in relation to them.    In order, however, to show what
the law is in such cases, there is, perhaps, no better or more accu-
rate mode of doing it than by referring to adjudged cases on the
subject.    But this can only be done by *reading*, or, at least, stating
the principles settled by them.    And if it be that the cause on
trial has been tried before, and been taken to the Supreme Court
of the State, where the law in relation to it has been duly con-
sidered and settled, I would suppose that the book containing a
report thereof might be safely referred to as having some bearing
on the case, and calculated to shed some light on it, notwithstand-
ing new evidence given on the second trial, may have, in some
particulars, tended to change the aspect of it.    If counsel, however,
by whom a party has an unquestionable right to be heard both in
regard to the law and facts of the case before the court and jury,
are to be restrained by the court from doing so, I am strongly
inclined to think that it will seldom, if ever, produce any good, but,
on the contrary, will inevitably lead to great inconvenience, if not
impracticability, in most cases, and in some probably produce
injustice.    Still, however, I am not fully prepared to say that the
judgment here ought to be reversed on account of this first error
assigned.    But, I must say, that it appears to me that it would be

impracticable for the court to carry into effect all that is therein intimated.

The next matter assigned for error is the admission of the note of the testimony of David Noble, taken on a former trial of this cause; Noble having, since that, removed from this State to the State of Missouri. It appeared that Noble, on the former trial, had been produced as a witness by the defendants; that he was examined in chief by them and cross-examined by the plaintiffs, when he was dismissed from the stand, and two other witnesses called and examined. The time of adjournment of the court having then arrived, the counsel of the defendants gave notice to Noble, who was still in court, that he would be wanted for further examination in the morning. In the morning, however, he was missing, and could not be found. The plaintiffs now offered to read the note of his testimony, as taken down under these circumstances; which was objected to by the defendants. The court thought that the note of his testimony ought to be read, the same as if he were dead. It is certainly true, in general, that the note taken of the testimony of a witness present at the former trial of a cause, who happens to be absent out of the State at the time of a subsequent trial thereof, after being proven to be a correct note of his evidence as given by him, may be read in evidence on the subsequent trial, as if he were dead. But, undoubtedly, there may be exceptions to this rule. And, it appears to us, that there is enough in the present case to make it an exception. Although the defendants who called the witness were satisfied with the examination of him at the time he was dismissed from the stand, yet afterwards, before they closed their evidence in support of their defence, they discovered or recollected that they had further evidence to obtain from him material to the issue, not merely rebutting evidence, as the court call it, for from aught that appears on the record it may have been evidence in chief to support their defence, or evidence in explanation of what he testified to on his cross-examination, which would have done away the effect of it as against the defendants. But they were deprived of this by the witness absenting himself voluntarily and improperly, as it would seem. We, therefore, think it nothing more than reasonable that the plaintiffs, if they wished to have the benefit of David Noble's testimony on the second trial, should have taken it under a commission awarded by the court for that purpose, which would have afforded the defendants an opportunity of examining him to the full extent of all that they desired on the first trial. It is not necessary to say whether the note of his testimony, as taken on the former trial, would have been properly admissible, in case from the death of Noble, or other cause, it had become impracticable to take his testimony under a commission. Because, for aught that appears, it might have been taken. We therefore think that the

VI. — F

court erred in admitting the note taken of his testimony on the former trial.

We also think that the court erred in not answering the sixth point submitted by the defendants with sufficient precision and distinctness. By this point the court was requested to instruct the jury, " that whether a contract was proved, and if so, what it was and the extent of it, were matters exclusively for the consideration of the jury, and that the court had no right, in their charge, to withdraw such matter from the consideration and decision of the jury." To which the court replied, " that as the matter of the sixth point formed the beginning and ending and middle of the speeches, so we have it repeated both in the beginning and end of the points; and it is hoped, by this time, the jury have its importance sufficiently inflicted on their memories without any further remark from the court. The jury are, no doubt, the independent judges of the facts. But a verdict that is independent of the facts and law of the case will be of little use to anybody." We consider that the defendants below were entitled to a distinct and affirmative answer from the court, to their sixth point, such as could not well be misapprehended or misunderstood by the jury. The answer given, however, does not appear to us to be of that character.

Judgment reversed, and a *venire de novo* awarded.