# Pennsylvania Railroad Company, Appellant, v. City of Reading.

*Practice, C. P.—Trials—Evidence—Witnesses—Cross-examination—Improper remarks of counsel—Harmless error—Verdict.*

1. When a subject is introduced by one party on the cross-examination of a witness of his opponent, the latter may be afforded the right to follow it up with questions which would not be permissible to him in chief.

2. Where on the trial of an appeal from an award of viewers in condemnation proceedings, a witness called by defendant to testify as to the market values, was asked on cross-examination whether he had not demanded more than $5,500 from defendant city for damages to his property, and on being further questioned replied that he asked for $9,000, it was not error to permit such witness on redirect-examination to state that he recovered $5,500 damages. The amount of the claim having been elicited by the plaintiff, he could not be heard to object that the facts in relation thereto should be fully brought out so that no false impression might be left in the minds of the jury.

3. Where in such case the city solicitor in his opening address referred to a letter written by plaintiff which was not admissible in evidence, and was subsequently excluded, and where there was no motion to withdraw a juror and continue the case, and although in excluding the letter, the court made a remark which plaintiff claimed was prejudicial to his case, he did not make any objection, or take any exception thereto, no reversible error was committed.

4. The court on appeal will not set aside a verdict in a land damage case because it is less than the lowest estimate of damages

given by the witnesses for defendant, nor on the theory that the jury did not allow damages for delay in payment where there was a general verdict and it was impossible to say whether they had allowed such damages, or if they made no allowance, it was because they deemed none necessary.

Argued March 2, 1915. Appeals, Nos. 64 and 65, Jan. T., 1915, by plaintiff, from judgment of C. P. Berks Co., March T., 1913, Nos. 59 and 62, on verdicts for plaintiff in case of Pennsylvania Railroad Company v. City of Reading. Before MESTREZAT, POTTER, ELKIN, MOSCHZISKER and FRAZER, JJ. Affirmed.

Appeal from award of viewers in condemnation proceedings. Before ENDLICH, P. J.

The facts appear by the opinion of the Supreme Court.

Verdicts for plaintiff for $1,852 in each case, and judgment thereon. Plaintiff appealed.

Errors assigned, among others, were various rulings on evidence.

Cyrus G. Derr, for appellant.

Joseph R. Dickinson, with him Wellington M. Bertolet, for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, March 29, 1915:

The questions involved in these two appeals are identical and will be disposed of in one opinion. The plaintiff secured verdicts in the court below for damages suffered by it through the partial taking, under the right of eminent domain, of two adjoining properties; it appealed because dissatisfied with the amounts of the verdicts, and assigns for error several rulings on the evidence, certain remarks of counsel for the defendant and the presiding judge, and the refusal to grant a new trial.

A witness called by the defendant to testify to market values stated that each of the plaintiff's properties was worth, before the appropriation $3,800, and afterwards $1,500. This witness was the owner of a property on the opposite side of the street on which the plaintiff's lots fronted, and when his property was taken by the public improvement in question he recovered damages from the city. On cross-examination he was asked by plaintiff's counsel: "You demanded more than $5,500 from the city for your damages, didn't you?" and replied, "I didn't demand, but I asked"; thereupon followed the question, "How much did you ask for?" and the answer, "I asked for $9,000." On re-direct examination, after eliciting certain particulars differentiating the witness's property from plaintiff's, this question was put, "What damages did you get?" An objection by the plaintiff was over-ruled and an exception taken, then the witness answered, "$5,500"; this is complained of as prejudicial error.

It will be noticed that counsel for appellant first introduced into the case the suggestion of $5,500, the amount which the witness had been awarded for damages to his own property, and that he also brought forth the information about the claim for $9,000. On these peculiar facts, we are not convinced that the trial judge committed harmful error (1) in applying to the question concerning the $5,500 recovery the rule that, when a subject is introduced by one party on the cross-examination of a witness of his opponent, the latter may be afforded "the right to follow it up with questions which would not be permissible to him in chief (McElheny v. Pittsburgh, Virginia & Charleston Ry. Co., 147 Pa. 1, 5)," or, so far as the matter of the $9,000 claim is concerned, (2) in recognizing the rule that "an erroneous impression derivable from a statement elicited by one party on cross-examination of the other's witness may be removed by the latter party"; for, whether technically right or not, the testimony complained of as to the $5,500 award to the witness served to clear up any pos-

sible erroneous impression arising from the collateral inquiry as to the $9,000 claim. Moreover, in all probability, the course pursued by the trial judge did the plaintiff no harm, for, as well said in the opinion of the court below, since the appellant "introduced the figure $5,500 into the case in such a form as to suggest a connection between it and the witness's property, and indeed to amount to an intimation......that $5,500 was what he actually got......the answer elicited by defendant's question was but the express statement of a fact already implicitly admitted by plaintiff, and as such cannot, if otherwise objectionable, have done the plaintiff any harm."

The next ground of complaint goes to the speech of counsel for the appellee in opening his case to the jury. The incident is thus reported by the trial judge: "Near the close of his opening address the city solicitor said, in effect, that the city would show how the plaintiff itself regarded the benefits likely to accrue to it from the public improvement for the purposes of which the property was taken, the plaintiff, through its counsel, having written to the city solicitor expressing its purpose to donate the property. Of course there was no attempt to read the letter or any part of it to the jury. To the statement as made, plaintiff's counsel, interrupting the city solicitor, objected on the ground of impertinence. The court, not having any knowledge of the letter, after observing that it could not in advance pass upon its competency but must assume that the city solicitor was making his statement in good faith, added, addressing the jury, that what the city solicitor had said was only by way of outlining what defendant purposed to prove, and that if the matter indicated was not admitted by the court, they must disregard it." There was no request for the withdrawal of a juror and a continuance of the case, either at this or any other time during the trial, and the course pursued by the court in handling the matter under consideration seems to have been ac-

quiesced in by counsel for the appellant; but subsequently the letter referred to in the opening address of counsel for appellee was offered in evidence, whereupon, counsel for appellant promptly objected to its relevancy, and, without reading the letter, the objection was sustained, the court below saying: "I think this letter ought to be made a part of your offer so that it gets on the record, and it is objected to as incompetent and irrelevant and on various other grounds, and I shall exclude it for the purposes of this trial, so that we may get the judgment of the jury as to the amount the railroad company will be entitled to apart from this matter. If this thing has any bearing on this case, it is an end of the case, and it can be taken care of by the court later on." In disposing of the contention that what was said by the trial judge was prejudicial to the appellant, the court below correctly states: "If the remark criticised can have had any misleading effect on the jury, it must have been by way of suggesting the thought that plaintiff might be entitled to no compensation; it certainly suggested nothing as to the amount of any compensation to be allowed......The language heard by the jury...... would seem to have plainly intimated that they were to assess the plaintiff's damages wholly without reference to it,—that it was to cut no figure in their decision ......; and if anything more was needed to put the letter effectually out of the cases for the purposes of the verdicts, it was accomplished by the submission to the jury of the question of damages with a peremptory instruction that 'there must be compensation allowed to the plaintiff.' And in addition to the context, and the previous and subsequent instructions to the jury, there is the fact that the verdicts were for plaintiff." We need only add that the plaintiff made no objection and took no exception to the remarks of the judge at the time, nor did it request any further warning to the jury on the subject of the letter; in other words, the plaintiff took its chances on the verdict and must abide by it.

The learned trial judge who saw the witnesses and had a.better opportunity to pass upon the value of their testimony than we, gave thoughtful consideration to and correctly disposed of the complaint concerning the amounts of the verdicts, in the following excerpt taken from his opinion: "The lowest estimate on defendant's side of the difference of market values of each of the properties by reason and at the time of the appropriation was $2,000, and this, plaintiff contends, must, for purposes of comparison, be increased by the addition of interest at 6 per cent.—making it $2,275, and the verdicts $423, below the defendant's own minimum estimate. But we have no right to deal with these figures on the basis of a compulsory allowance of interest. Affirming plaintiff's point, the charge instructed the jury as to the effect of the lapse of time since the appropriation, in accord with what has been the rule in this State at least since Klages v. Philadelphia & Reading Terminal Co., 160 Pa. 386. The question is not at all one of interest at any rate per cent., but only of such allowance as the jury may see fit to make: Stephens v. Cambria & Indiana R. R. Co., 242 Pa. 606, 610, and the propriety of making any, as well as the amount of it, is solely within their discretion: Mengell's Ex'rs v. Mohnsville Water Co., 224 Pa. 120, 128. Whether this jury made such an allowance or not it is impossible to say; they were told to consider the propriety of doing so, and it must be presumed that they performed the duty enjoined upon them, and that, if they made no allowance, it was because they deemed none necessary. In view of their discretion, however, and of the terms of the rule referred to, it is obvious that the only figures involved and to be compared are that of the witness referred to and that of the verdicts, and hence that the only difference appearing and capable of being declared and considered is in each case that of $148—in itself not a gross or shocking disproportion......The pecuniary value of special advantages and disadvantages resulting to a

property as affecting its market value is a matter largely of opinion, and the statute commits to the jury the exclusive power of determining both and making the comparison between them. Its province cannot be invaded by the court, saving to the latter, of course, the power to interfere upon clear demonstration that the jury has allowed itself to go wrong; and where the alleged evidence of that is a difference between the estimates of witnesses and the estimate of the jury, the difference, in order to carry conviction, must be very much more substantial than one explainable on the legitimate ground that the elements of advantage and disadvantage that struck the minds of witnesses in one way were viewed by the jurors......in another way." The court below very properly added that it can be of no controlling moment that the awards of the viewers were higher than the verdicts (see Girard Trust Co. v. City of Philadelphia, 248 Pa. 179). None of the other matters called to our attention requires special notice; it only remains to say, we find no substantial error in the record.

The assignments are all overruled and the judgment is affirmed.