Slocock et al. *v.* Liggit, Appellant.

Argued May 26, 1937. Before KEPHART, C. J., SCHAF-
FER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*J. Ambler Williams,* with him *Francis X. Quinn* and
*A. Archer Cross,* for appellant.

*J. W. McWilliams,* with him *G. A. Troutman,* of *Wes-
ley, Wagoner, Troutman & McWilliams,* for appellees.

OPINION BY MR. JUSTICE SCHAFFER, June 25, 1937:

This is an action of assumpsit to recover the purchase price of "manetti," a hardy root used for grafting roses. The jury rendered a verdict for plaintiff. The court dismissed defendant's motions for a new trial and judgment n. o. v. and entered judgment on the verdict. From this judgment defendant appeals.

The plaintiffs were engaged in the cultivation of manetti in England. The defendant is a distributor with his principal place of business in Philadelphia. The manetti was shipped to him in pursuance of his orders, the contract calling for delivery at shipside, Thames River, England. Defendant in his pleadings admitted receipt of the manetti and that the prices charged therefor were fair and reasonable but alleged that the plants were infected with a disease and were valueless.

Defendant at the outset complains of the action of the trial judge in refusing to grant a continuance and of the action of the judge sitting with the special master in charge of the consolidated trial list in refusing to strike the case from the trial list. It is contended that the case was placed on the trial list before it was at issue. In this appeal there is no record of the proceedings before the trial commissioner. Under such circumstances the statements of fact made by the court below must be accepted: *Sauber v. Nouskajian,* 286 Pa. 449, 133 A. 642; *Ehrhart v. York Rys. Co.,* 308 Pa. 566, 162 A. 810. Judge KUN, writing for the court below, stated: "The case was properly at issue. Defendant had ample notice of its listing for trial and every opportunity to prepare for trial. . . . He was deprived of no legal right nor was he prejudicially affected by the denial of his motion for a continuance previously made." In view of these findings and statements it cannot be held that the court below erred in refusing to strike the case from the list and in refusing to grant a continuance.

Complaint is also made of certain remarks of the trial judge which are alleged to be prejudicial. No exception

494

was taken to most of these remarks at the trial. In view of this fact they are not assignable as error: *Penna. R. R. Co. v. Reading,* 249 Pa. 19, 94 A. 445; *Mackin v. Patterson,* 270 Pa. 107, 112 A. 738. The only remark to which exception was taken was, "this case is not being conducted very well." This remark was made to both sides and no harm could have resulted therefrom to the defendant.

Defendant also assigns as error certain portions of the court's charge and contends that the charge as a whole was prejudicial to his cause. Defendant took only a general exception to the charge. "It has been repeatedly held that when errors are not basic and fundamental they must be made the subject of specific exceptions:" *Mulheirn v. Brown,* 322 Pa. 171, 177, 185 A. 304. In any event the charge properly submitted to the jury the questions in issue. The difficulty with the case, so far as defendant is concerned, is that there is no competent evidence as to whether the manetti or any portion of it was defective when delivered at shipside to defendant. The trial judge with propriety might well have directed a verdict for plaintiffs, had he been requested to do so.

Judgment affirmed.