## Grollman *v.* Metropolitan Life Insurance Company, Appellant.

Argued January 7, 1938. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*William S. Hudders,* with him *Harvey H. Steckel* and *Fox & Fox,* for appellant.

*Israel Krohn,* for appellee.

PER CURIAM, March 21, 1938:

The single issue before the court below was the age of the policyholder. We need not detail the testimony which was submitted to the jury, and upon which a verdict and judgment were rendered in favor of appellee. We are asked to grant a new trial, and it is argued that an exception to the rule of "manifest abuse of discretion by the trial court" is presented because appellee's testimony, as well as that of his mother, was taken by depositions and the jury did not hear and see these witnesses. Appellant cites *Gilbraith's Estate,* 270 Pa. 288, 289 and *Mirkil v. Morgan,* 134 Pa. 144, 155, wherein we held that if the fact-finding body has not seen or heard the witnesses, this court has equal advantage with it in determining questions of fact. Appellant argues for an extension of this principle to a jury finding. Whether the rule should be so extended is of no moment here, for, even an extension of the principle could obviously have no application, since appellee's case depended not merely upon his own and his mother's depositions (witnesses whom the jury did not see and hear), but also upon testimony given in open court by his brother and son.

Appellant also complains of the charge on the burden of proof. The court omitted any reference to the burden of proof in its main charge, but when appellant's counsel called this to its attention it then briefly instructed the jury that the burden was upon appellee to

establish his age.* A sufficient answer to appellant's objections to the charge is that at the conclusion of its instructions the court below asked counsel whether they were adequate, and counsel did not offer any suggestions or point out any deficiencies either with respect to the burden of proof or to other matters now alleged as errors. The rule is firmly established that failure to except particularly to the trial judge's omission to give adequate instructions on any branch of the case precludes it from being raised on general exception, and from being assigned as error on appeal, unless the error in the charge is basic and fundamental. See *Slocock v. Liggit*, 326 Pa. 492, 494; *Mulheirn v. Brown et al.*, 322 Pa. 171, 177; *Tropical P. & O. Co. v. Sharon Building Co.*, 313 Pa. 51, 52; *Winters et al. v. York Motor Express Co.*, 116 Pa. Super. Ct. 421, 425. In the light of a thorough review of the evidence in the charge of the court below, we do not deem these omissions fundamental error.

The only other complaint of appellant is that the court referred to appellant's testimony as "not conclusive." When this was called to the court's attention it immediately remedied whatever prejudice, if any, appellant may have suffered, by instructing the jury that its statement as to the nonconclusive character of the defendant's proof applied equally as well to appellee's, and that they were to take into consideration all the evidence in reaching their determination.

Judgment affirmed.

---

* Without passing upon this question it may be that the defendant thereby received a more favorable charge than it was entitled to, for the rule in a great many jurisdictions is that an insurer, defending on the ground of misrepresentation of age, has the burden of proving that the age of the insured is other than as stated by him. See Notes, 1 A. L. R. 469; 14 A. L. R. 927.