Scranton Lackawanna Trust Company et al.,
Appellants, *v.* Birbeck.

Argued January 24, 1939.   Before Kephart, C. J.,
Schaffer, Maxey, Drew, Linn, Stern and Barnes, JJ.

*George Morrow,* for appellants.

*Carlon M. O'Malley,* with him *J. Julius Levy,* for appellee.

Opinion by Mr. Chief Justice Kephart, March 22, 1939:

The defense to the note in suit was that defendant, a married woman, executed it solely as an accommodation maker for one Karl Rogowski.  On a previous appeal a judgment for plaintiff was reversed by this Court in 321 Pa. 375, for trial errors.  At the second trial the jury returned a verdict for defendant on which judgment was entered.

Appellants complain of those portions of the charge which relate to the law applicable to a married woman's endorsement of negotiable instruments, or to her becoming an accommodation maker of such paper. Some parts of the charge assigned as error are unobjectionable; others become objectionable only when separated from the context and evident meaning of the whole charge. The question of whether or not appellee had proved her defense was properly left to the jury, and the court below correctly instructed it as to the burden of proof. It was said in *Walters v. W. & S. Life Ins. Co.*, 318 Pa. 382, at 389 : "While the charge in the case now before us contains sentences which if standing alone would constitute reversible error, we must consider the charge as a whole. . . . This court has repeatedly held that 'the general effect of the charge, rather than a casual expression in it, must govern the interpretation or construction of it.' " See also *Kyle v. Southern Elec. Light & Power Co.*, 174 Pa. 570, 579.

Appellants took only a general exception to the charge, which is not sufficient to raise these questions on appeal. Unless the error in the charge is basic and fundamental, it must be excepted to particularly. See *Grollman v. Metropolitan Life Ins. Co.*, 329 Pa. 270, 272; *Slocock et al. v. Liggit*, 326 Pa. 492, 494; *Mulheirn v. Brown et al.*, 322 Pa. 171, 177; *Tropical P. & O. Co. v. Sharon Bldg. Co.*, 313 Pa. 51, 52.

The part of the charge more particularly dwelt upon was: "when one takes a note upon which a married woman's name appears, he is bound to ascertain whether or not she is signing as an accommodation maker or whether she is borrowing the money herself. He can't take a chance." The court below defended this excerpt by citing a quotation from the former case of *Sears v. Birbeck*, 321 Pa. 375, at 387. This quotation must be limited to the facts in this case, because there was evidence to show that Sears, payee, was under a duty to investigate, as he knew or had ample reason to believe

that Mrs. Birbeck was acting as accommodation maker. The statement cannot be used as a general principle of law governing the lending of money to a married woman.

Even under the Act of June 3, 1887, P. L. 332, which was construed more strictly than the Act of June 8, 1893, P. L. 344, section 2 (the present law), one who lent money directly to a married woman was not required to see that it was borrowed for or applied to a purpose recognized in the Act giving her contractual capacity. See *Spotts' Estate,* 156 Pa. 281, 284. And the same rule applies under the Act of 1893. See *Class & Nachod Brewing Co. v. Rago,* 240 Pa. 470, 472-473; *Yeany, to use, v. Shannon,* 256 Pa. 135, 138; *Newtown Title & Trust Co. v. Underwood et al.,* 317 Pa. 212, 213; *National Bank of York v. Levin,* 331 Pa. 113, 115. It has been stated in numerous cases in the Superior Court: see *Stephan v. Hudock,* 4 Pa. Superior Ct. 474, 479; *Children's Aid Society v. Benford,* 26 Pa. Superior Ct. 555, 557; *Italo-French Produce Co. v. Thomas,* 31 Pa. Superior Ct. 503, 506.

In the present case Sears had refused to lend money to Rogowski unless he obtained Mrs. Birbeck's signature. Mrs. Birbeck had never asked Sears for a loan for herself. Sears therefore had every reason to believe that the note given by Mrs. Birbeck and her husband was given by them to accommodate Rogowski. Although he made out a check to Mrs. Birbeck's order, attempting thereby to give the appearance of a direct loan to her, the entire transaction appears to have been merely a device to circumvent the statute.

Complaint is made that the court below in its charge stressed appellee's evidence and thus led the jury. We have only the words of the charge before us, and while the court reviewed appellee's evidence more elaborately than appellants' this is not reversible error unless it is plainly prejudicial to one of the litigants. The jury was carefully instructed to rely on its own recollection of the testimony, and there was no misstatement of the facts.

Appellants were given ample opportunity at the conclusion of the charge to correct or supply any deficiencies, and having failed to avail themselves of it, they cannot now complain. See *Konchar v. Cebular*, 333 Pa. 499; *Latchaw v. Hoefner*, 332 Pa. 422; *Senita v. Marcy*, 324 Pa. 199, 201.

It is charged that the judge made improper remarks during the trial concerning the evidence. No exception was taken at the time they were made, and an exception at the conclusion, "to the remarks of the court made during the course of the trial," is not sufficient foundation on which to base an assignment of error. Such an exception gives no indication as to which of the remarks were objectionable; it does not give the trial judge an opportunity to correct any error in this respect. See *Slocock v. Leggit*, 326 Pa. 492, 493-494; *Mackin v. Patterson*, 270 Pa. 107, 110-111; *Penna. R. R. Co. v. Reading*, 249 Pa. 19, 23.

The sixteenth assignment of error does not set forth the pertinent portion of the record as required by Rule 26 of the Supreme Court,[1] nor is the point set forth in the statement of questions involved, which Rule 50 makes mandatory. Under such circumstances it need not be considered: *Kennedy et al. v. Rothrock Co.*, 261 Pa. 580, 588; *Kress House M. Co. v. George Hogg Co.*, 263 Pa. 191, 195. But appellants took no exception to these rulings, and are precluded from taking advantage of them on this appeal.

In summarizing a part of the testimony, the trial judge read to the jurors the statement of facts contained in the first opinion of this Court in 321 Pa. 375.

---

[1] "Rule 26. In cases of jury trial, when the error alleged is the admission or rejection of evidence, or the striking out of or refusing to strike out evidence, the assignment must quote verbatim the question or offer, the objection thereto, the ruling of the court thereon, and the evidence admitted, rejected, or stricken out, or which the court refused to strike out, and the exception, unless appellant is excused therefrom by Rule 36."

While the practice of reading to the jury opinions of this Court upon a former trial has been condemned,[2] there was no prejudice to appellants in this case. The testimony reviewed was largely the depositions of absent and deceased witnesses at the former trial, and to that extent was identical. The trial judge did not intimate what conclusion the Supreme Court had reached upon this evidence; consequently the danger of influencing the jury by reference to the decision on the facts as they were presented at a former trial was avoided. The refusal of the court below to grant a new trial was not an abuse of its discretion.

Judgment affirmed.

---

[2] See *Dimes Savings Bank v. Allentown Bank,* 61 Pa. 391, 394; *Good v. Mylin,* 13 Pa. 538; *Fisher v. Pennsylvania Co.,* 34 Pa. Superior Ct. 500, 502.