## Close *v.* Derbyshire et al., Appellants.

Argued March 23, 1949. Before RHODES, P. J., HIRT, RENO, DITHRICH, ARNOLD and FINE, JJ. (ROSS, J., absent.)

*Horace M. Barba,* for appellants.

*Robert C. Kitchen,* for appellee.

OPINION BY RHODES, P. J., September 27, 1949:

This is an action in assumpsit brought by plaintiff against defendants, his two former partners, to recover additional income tax which plaintiff was obliged to pay.

From January 1, 1944, until June 30, 1945, plaintiff and the defendants had conducted a partnership which was engaged in the manufacture of machines and tools. On the latter date they entered into a dissolution agree-

ment whereby plaintiff accepted the sum of $6,250 "in full settlement of all claims which he may have against the partnership."

In May, 1946, the Treasury Department (Bureau of Internal Revenue) corrected the partnership income tax return for the year 1944, adding the sum of $4,736.61 to its net return through the disallowance of deductions made by the partnership in its income tax return for that year. In correcting the partnership return it was found that certain tools had been erroneously charged as expense. As a result of this adjustment, plaintiff had an additional net income of $1,578.87 for the year 1944, which amount increased his personal income tax liability by $632.07, being the amount for which he has brought this action.

Plaintiff, in his amended statement of claim, alleged that defendants, by virtue of an oral agreement supplemental to the written dissolution agreement, retained possession of the entire physical plant of the partnership, including the tools which as additional income formed the basis for the income tax assessment. It is apparent that the basis of plaintiff's action is unjust enrichment, and that defendants' liability arises as a duty to make restitution. In paragraphs nine and ten of his statement, plaintiff alleged:

"9. The additional income upon which the said tax of $632.07 has been assessed against the Plaintiff was at no time paid by Defendants to Plaintiff, but was received by the Defendants and is now retained by them in the form of tool inventory or otherwise.

"10. Plaintiff is required to pay the said tax of $632.07 on income received and retained by the Defendants, which income, so retained, is lawfully taxable to and payable by Defendants, as among the parties."

Defendants' affidavit of defense raising questions of law was overruled with leave to file an affidavit of defense to the merits. Thereupon defendants answered

plaintiff's amended statement of claim, and upon trial of the case the jury rendered a verdict for plaintiff in the full amount of his claim. Defendants' motions for new trial and for judgment n. o. v. were overruled; they have appealed from the judgment entered on the verdict.

When we review the evidence in the light most favorable to plaintiff, as we are required to do, we are satisfied on the present facts that judgment n. o. v. was properly refused by the court below. Plaintiff proved at the trial, by admissions in the pleadings, the prior existence of a partnership; the dissolution agreement, including his acceptance of $6,250 in full settlement of all claims against the partnership; the reassessment of additional income tax as a result of the correction of the partnership return for the year 1944; and plaintiff's payment of one-third of the assessed amount which was applied to his personal income tax liability. In addition thereto, plaintiff testified that prior to the execution of the dissolution agreement he questioned the propriety of charging off as expense the value of the tools in one year (1944), when they had a much longer useful life. The accountant for the partnership took the position that it was customary to write off such items, and that the partnership would do so in this instance subject to any revision by the taxing authorities. The tools were accordingly charged to expense in the tax return. Plaintiff subsequently signed the dissolution agreement and accepted $6,250 in satisfaction of all claims against the partnership. The accountant who prepared the partnership return testified that a possible objection of the Bureau of Internal Revenue to the partnership tax return was considered.

The theory upon which plaintiff seeks to recover from defendants is that of a benefit coercively conferred upon defendants under a mutual mistake of fact. See Restatement, Restitution, §§20, 21. Plaintiff claims that he has discharged a duty, conferred a benefit, or incurred an

obligation, for which as between himself and the defendants he is entitled to indemnity or reimbursement. See Restatement, Restitution, §76 et seq.

We agree with the court below that the dissolution agreement whereby plaintiff accepted $6,250 "in full settlement of all claims which he may have against the partnership" does not necessarily prevent recovery in the present action. Plaintiff asserts that his right of action is entirely apart from and in addition to the dissolution agreement. It does not appear that he is claiming on a parol contract to reimburse him for the tax paid; and the parol evidence rule as to the modification of a written contract as announced in *Gianni v. R. Russell & Co., Inc.*, 281 Pa. 320, 126 A. 791, and other cases, is not involved. The evidence which was produced at the trial disclosed some discussion relating to the charge off of the item of tools by the parties prior to the execution of the dissolution contract. While it is conceivable that the dissolution agreement might have covered the present situation and consequently have been a bar to plaintiff's action, we cannot on this appeal hold that plaintiff is precluded as a matter of law upon this ground.

The trial judge in his instructions to the jury stated that, as a matter of law, the tax payment of $632.07 was the debt of defendants. This constitutes reversible error. In so charging the jury, the trial judge decided one of the main issues in the case as a matter of law, and, in effect, directed a verdict for plaintiff on this issue. An important item of proof necessary to permit plaintiff's recovery was that defendants retained these tools as averred. Payment by defendants of the entire tax imposed on an improper charge off would be directly related to this allegation. Plaintiff in his pleading alleged an oral agreement, supplemental to the written dissolution agreement, to the effect that defendants were to "retain possession and ownership of the entire physical plant theretofore employed in the partnership business."

Plaintiff testified that he did not receive any of the tools in question, but there is nothing beyond this in the record to show that defendants received them.[1] In any event, plaintiff's right to recover was based in substantial part on parol evidence. On the issue as to whether defendants owed plaintiff the additional tax for which suit was brought, the evidence should have been submitted to the jury under proper instructions. The trial judge should have told the jury that, if the facts on this issue were as averred by the plaintiff, then the tax paid by plaintiff was owed to him by defendants.

It is unnecessary for us to pass upon other questions relating to the refusal of defendants' motion for new trial.

The judgment is reversed, and a new trial is awarded.

---

1. Except as to the payment of the additional tax of $632.07 by plaintiff, the averments in paragraphs nine and ten of plaintiff's amended statement of claim were denied by defendants in their affidavit of defense.