Cohen, Appellant, *v.* Hempfield Foundries Co.

Argued November 24, 1950. Before HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ. (RHODES, P. J., absent).

*James A. Wright,* with him *Morris M. Berger,* for appellants.

*James J. Burns, Jr.,* for appellee.

OPINION BY DITHRICH, J., January 12, 1951:

The amount in controversy being less than $2500, these two appeals were remitted to this Court by the Supreme Court.

Appellants, husband and wife, sued jointly in trespass to recover damages for personal injuries alleged to have been sustained by both. The husband also claimed

for property damage. Defendant filed a counterclaim for property damage, alleging that the collision between the truck owned and operated by the husband-plaintiff, and in which the wife-plaintiff was riding, and a truck owned by defendant and operated by its employe was caused solely by the negligence of the husband-plaintiff. The jury returned the following verdict: "And now, to wit: March 2, 1948, we the Jurors empanelled in the above entitled case, find the Plaintiff Mr. David Cohen guilty of negligence and the Defendants the Hempfield Foundries Company a corporation not guilty. For the defendants the amount [of] $476.70." The jury's finding that the defendant was "not guilty" was accepted by the court below as applying to the wife's claim, as well as to the husband's. Whether or not it did so apply cannot be considered or passed upon by this Court. Separate appeals were taken by the husband and the wife, but no question as to the failure of the jury to return a separate verdict on the claim of the wife was raised until after the appeals had been taken from the refusal of plaintiffs' motions for a new trial and for judgment n.o.v. after argument before a court en banc. Appellants then filed an additional motion for a new trial for the wife-plaintiff which the court below properly refused to consider. "An appellate court does not sit to review questions that were neither raised, tried nor considered in the trial court: Huffman Estate (No. 3), 349 Pa. 59, 62, 36 A. 2d 640; Henry v. Zurflieh, 203 Pa. 440, 451, 53 A. 243": *Fisher v. Brick,* 358 Pa. 260, 264, 56 A. 2d 213.

The only questions properly before this Court which are worthy of consideration are two alleged trial errors.

In their statement of claim plaintiffs alleged that "On or about July 25, 1946, man Plaintiff was lawfully and carefully operating his Reo truck on U. S. Route 30 (Lincoln Highway) at or near Stewartsville, North Huntingdon Township, Westmoreland County, Penn-

sylvania, in a westwardly direction" and "while they were thus lawfully and carefully proceeding in said truck, a truck owned by the Defendant . . . was so negligently . . . driven by said Defendant's employee, that it was allowed to collide with the truck in which Plaintiffs were riding." At the trial plaintiffs' testimony was that their truck was pulling out from a private driveway onto the Lincoln Highway when struck. Defendant moved to strike the evidence on the ground of a variance between the allegata and the probata. Plaintiffs then asked and were granted leave to amend their complaint by alleging that their truck was struck by defendant's truck "while emerging onto Route U. S. 30 . . . for the purpose of proceeding in a westwardly direction . . ."

In the course of her explanation to the jury as to why she was permitting the amendment, the learned trial judge said: "You see, in the Statement of Claim he says the accident happened one way and in his testimony he testifies to something that is not the same as that." It was perhaps an unfortunate statement and may have affected the credibility of the husband-plaintiff, but no objection was made to it at the time nor was the court at any time asked to withdraw the remark. Having taken his chances on the verdict, it was too late for him to complain after an adverse verdict had been returned and recorded. In *Pennsylvania Railroad Co. v. City of Reading*, 249 Pa. 19, 94 A. 445, the Court said at page 23: "We need only add that the plaintiff made no objection and took no exception to the remarks of the judge at the time, nor did it request any further warning to the jury on the subject . . .; in other words, the plaintiff took its chances on the verdict and must abide by it." See also *Scranton Lackawanna Trust Co. v. Birbeck*, 333 Pa. 502, 5 A. 2d 196; *Slocock v. Liggit*, 326 Pa. 492, 192 A. 671; *Fleming v. Strayer*, 163 Pa. Superior Ct. 607, 63 A. 2d 122.

Appellants also complain that although they alleged in their statement of claim that "Defendant was negligent . . . in failing to have its truck properly equipped with adequate brakes," the court sustained an objection to the following question put to the driver of the truck on cross-examination: "Isn't it a fact . . . that your truck did not work properly as far as the brakes were concerned with a load on?" The objection was sustained on the ground that "The plaintiffs' case in chief failed to disclose any act of negligence due to faulty brakes on defendant's truck which was the proximate cause of the instant collision." We agree with the court below that "if an error was committed [in excluding an answer to that particular question] it was harmless and was cured by the fact that the Court permitted the plaintiff to put Officer Smith on the stand in rebuttal, who testified that Ritenour [driver of defendant's truck] had made statements to him which contradicted his testimony given in Court" as follows: "Mr. Smith, on examining this driver Friday in Court he was asked the following question and gave the following answer, 'Did you say to Officer Smith at the time you had this talk with him that if you had had better brakes you would not have hit the Cohen truck so hard?' His answer was, 'No.' " The witness answered: "He said, 'If I would have had boosters on my brakes I might have been able to stop. However, I wouldn't have hit the other truck so hard.' Q. Mr. Smith, he was also asked the following question, 'Did you say to Officer Smith that the emergency brake wouldn't hold because there was grease on it?' and he answered 'No.' Did he or did he not say that to you? A. He did."

At the oral argument the opinion of the court en banc (McNaugher, O'Toole and Soffel, JJ.) was the only part of the record before us; but the writer of this opinion has since examined the entire original record

and has found nothing on which appellants' have just cause to complain.

Judgment affirmed.