Close *v.* Derbyshire, Appellant.

Argued March 26, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*I. Jerome Stern,* for appellants.

*Robert C. Kitchen,* for appellee.

OPINION BY HIRT, J., July 19, 1951:

The parties, by agreement entered into on January 1, 1944, formed a partnership under the name of Derbyshire Machine and Tool Company for the manufacture of jet pumps and other appliances on customer specifications. The business was extensive and successful. The firm in 1944 made a net profit of over $43,000 and plaintiff received more than $11,000 as his share of the earnings for the year. This was an established business when plaintiff became a partner, and over a period of years the defendants as a matter of shop policy had always charged off the cost of small tools and supplies such as dies, taps, grinding wheels and other abrasives, drills and the like, as operating expense. The theory for the practice, as against capitalizing the cost, was that tools of this class were expendable and were short lived when put to use. As of June 30, 1945, the partnership was dissolved by written agreement, under the terms of which the plaintiff agreed to accept an assignment of an existing contract for pneumatic scales entered into by the firm with the Philadelphia Naval Aircraft Factory and $6,250, in full settlement of all claims against the partnership. The defendants paid him this amount and continued the operation of the business under the same name. In May, 1946, the Bureau of Internal Revenue "corrected" the partnership income tax return for the year 1944 by adding $4,736.61 to the reported net income. This amount was the total cost of the "small tools" bought during the year and charged off as operating expense. It was the judgment of the Bureau that these purchases were chargeable to the capital account. Accordingly plaintiff was assessed $632.07 as his share of the income tax on the above amount found by the Bureau to be additional income of the partnership for the year. He paid the additional tax and brought this action to recover that amount from the defendants as an obliga-

tion discharged by him for which he was entitled to reimbursement by the defendants, on the theory of unjust enrichment, under the principle of the Restatement, Restitution, §76.

In the first trial of this case the court in effect directed a verdict in favor of the plaintiff in the sum of $632.07, the amount of the additional income tax, paid by him for the year 1944, which in the opinion of the court was the debt of the defendants. On the defendants' appeal from the judgment entered on the verdict in that trial of the case we, in 165 Pa. Superior Ct. 419, 68 A. 2d 456, reversed, and ordered a new trial on the ground that there were issues of fact for the jury including the "important item of proof necessary to permit plaintiff's recovery" viz.: whether "the tools were in existence on dissolution of the partnership" and whether the "defendants retained these tools as averred". On the retrial of the case, the verdict again was for the plaintiff in the above sum with interest.

In disposing of the present appeal from the judgment on the second verdict, the very least that defendants are entitled to, on the record before us, is a second retrial of the case. Although the proofs differed from those at the first trial, raising new issues of fact, the charge of the court consisted exclusively in reading to the jury our opinion in awarding a new trial in the prior appeal, supra. That opinion was based upon the situation of the parties under the facts as developed at the first trial. The charge of the court should have been addressed to the facts as established at the second trial. The effect of the charge was to lead the jury to believe that the proofs were precisely the same as those on which we had passed in the prior appeal; this was clear error under the circumstances. *Dimes Savings Institution v. Allentown Bank*, 61 Pa. 391. Although the practice was condemned, the action

of a trial court in reading to the jury the statement of facts from the opinion of the appellate court in a prior appeal, was held not to be reversible error in *Scranton Lackawanna Tr. Co. v. Birbeck,* 333 Pa. 502, 5 A. 2d 196. But that case differs from that here present, in that the testimony on both trials was for the most part identical and the plaintiff therefore was not prejudiced. Here the trial judge did not state, much less clarify, the issues, nor charge the jury as to the burden of proof. Cf. *Voitasefski v. Pittsburgh Rwys. Co.,* 363 Pa. 220, 228, 69 A. 2d 370.

The lower court however is chargeable with error more fundamental; in our view the defendants are entitled to judgment n.o.v. In the present record it appears from plaintiff's testimony that as early as November or December 1944, at a financial meeting with defendants and the firm's accountant, plaintiff questioned the propriety of the charge-off of the cost of the tools in question. He stated that in his opinion these small tools were being charged off too fast, but he did not press the matter further when informed by the accountant that it was the firm's policy, as a carryover from the past, to charge the cost of such tools to expense. These tools and supplies were consumed or expended by use in the partnership business and plaintiff admitted that they were constantly breaking or wearing out and were being replaced by new purchases. And while he testified that there were some tools on hand on June 30, 1945, which had been purchased during the year 1944, to the question: "Can you tell what tools were on hand on June 30, 1945, in the small tools account?" he answered unequivocally, "No." In the aggregate a large amount of tools and supplies were bought during 1944. But the books and records were open to plaintiff at all times and he could have informed himself, by a physical inventory against 1944 invoices, as to what usable tools purchased dur-

ing that year still remained in the plant on June 30, 1945. Plaintiff was cognizant of the importance of informing himself as to the facts in that respect; he admitted that he knew that there would be a claim against him for additional income taxes if the small tools were improperly charged off as expense. And from plaintiff's own testimony, in this record, it is clear that the final settlement between the partners was not induced or in any way influenced by mutual mistake of fact. Moreover both plaintiff and the defendants were represented by competent counsel in negotiating the partnership dissolution agreement and plaintiff was not imposed upon.

Judgment reversed and here entered for the defendants n.o.v.