Blose, Appellant, *v.* Martens.

Argued November 13, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and GUNTHER, JJ. (ARNOLD, J., absent).

*Louis Vaira,* with him *Emil R. Pecori,* for appellant.

*William H. Markus,* with him *Robert C. Riethmuller,* for appellees.

OPINION BY GUNTHER, J., March 17, 1953:

Appellant filed a mechanic's lien against appellees and a scire facias issued thereon. Appellees' answer, under new matter, alleged a release of liens. Appellant's reply admitted the release but alleged that he signed the release because appellees represented that

they would pay him from a mortgage they were to procure; that they obtained the mortgage but failed to pay him; that their action constituted fraud invalidating the release. The court below entered judgment on the pleadings for appellees.

The sole basis alleged by appellant for avoiding the release of liens was fraud. In order to void a contract allegedly induced by fraud, it must be shown that there was a misrepresentation of a past or existing material fact which induced the acceptance of the contract. A promise to do something in the future, which promise is not kept, is not fraud. *Sellers v. Sellers,* 316 Pa. 404, 175 A. 401; *First National Bank of Hooversville v. Sagerson,* 283 Pa. 406, 129 A. 333. The alleged fraud here is nothing more than a promise *in futuro,* and appellant cannot avoid the release on that ground.

Appellant further contends that he should have been allowed to amend his pleadings, so as to shift the basis for avoiding the release of liens. However, he failed to ask permission of opposing counsel or leave of court, either orally or in writing, and now raises the question of amendment for the first time on appeal. It is well settled that matters raised for the first time on appeal to this Court will not be considered. *Cohen v. Hempfield Foundries Co.,* 168 Pa. Superior Ct. 172, 77 A. 2d 687; *Brunetto v. Ferrara,* 167 Pa. Superior Ct. 568, 76 A. 2d 448.

It is true, as appellant contends, that a summary judgment should be entered on pleadings only in a case clear of doubt. But we have no doubts in this matter. Appellant has alleged facts he claims constitute fraud sufficient to avoid the release of liens. But the law in rejecting such a contention is clear, and no amendment could supply the defect.

Judgment affirmed.