In the Matter of James Steffon BEATTY and Constance Marie Beatty formerly doing business as Startoni Hearing Aid Sales and Beatty's Hearing Aid Center, Debtors.

**TSO, INC., Plaintiffs,**

**v.**

**James S. BEATTY and Constance M. Beatty, Defendants.**

Bankruptcy No. 81–00204.
Adv. P. No. 81–0282.

United States Bankruptcy Court,
W.D. Pennsylvania.

July 19, 1985.

Bruce M. Johnson and Bozic, Thomas & Johnson, Meadville, Pa., for plaintiff.

Thomas S. Kubinski and Falcone and Eppinger, Erie, Pa., for defendants.

William Pineo, Meadville, Pa., trustee in bankruptcy.

MEMORANDUM AND ORDER

WM. B. WASHABAUGH, Jr., Bankruptcy Judge.

■ In this action to determine the debtor's indebtedness on a note originally for

$14,818.93 reduced to $9,293.00 nondischargeable, the plaintiff relies on a loan application dated January 19, 1978 in which a mortgage of the Marine Bank originally for $34,000.00 reduced to $33,644.00 was the only credit obligation the debtors listed.

The plaintiffs complain that four unsecured general debts shown on the debtor's bankruptcy schedules filed April 8, 1981 were omitted from the application. (See Exhibit C attached to plaintiff's complaint), viz: Marine Bank's Master Charge account of $1,595.00 (1978), Prudential Insurance Company $1,321.70 (1978), Oticon Corp. $743.00 (1978, and Montgomery Ward $1,023.00 (1974).

The debtors testified that all of the debts listed on Exhibit C of which complaint is made except Prudential's which began in 1974, either came into existence after the date of the loan application, January 19, 1978, or had been paid from the consolidation portion of the Marine Bank mortgage loan seems justifiable insofar as the $1,500.00 Master Charge account of the mortgagee-Marine Bank is concerned as at least its own accounts should have been paid from the consolidation loan. They testified they understood all their existing debts were paid from the portion of the mortgage which the loan application states on its face was partly for consolidation and business purposes, and that they contracted any others that were unpaid after their loan application of January 19, 1978. They all came into existence in 1978 or later years except Montgomery Ward's to whom the schedules indicate they were indebted since 1974 and the Sears obligation of $300.00 which is agreed to have been paid. The loans from the respective fathers were not complained of.

The plaintiff also complained that the debtors overvalued their real estate at $47,000.00 on the loan application when it was later sold for $37,000.00, but the debtors testified the value of their residence was depreciated when it was damaged by flood waters in the Spring flooding of French Creek after the date of the application.

The parties did not have the testimony transcribed or favor the Court with written briefs of their positions in respect to the omissions complained of. We have done the best we could to sort out the facts from the exhibits presented to us and from our own longhand notes and recollection of the testimony. The plaintiff did not maintain its burden of showing the debtors omitted any unpaid existing debts from their loan application with an intention to deceive the plaintiff nor did it request a credit search available at nominal expense or take other steps to entitle it to a right of reasonable reliance on the statements of fact in said application which was filled in and signed at the debtor's residence instead of in the presence of an officer of the debtor to warn them they should list all of their creditors and not just a few for reference purposes and make sure they understood this aspect of the matter as most institutions require.

■ That the burden of proof is on the creditor to show the debtor made materially false representations with the intent to deceive and that the creditor had a right of reasonable reliance on the debtor's statements, see Judge Goldhaber's decisions in *In re Lipsey*, 41 B.R. 255 (Bcy.E.D.Pa. 1984) and *In re Duo Metal and Iron Works, Inc.*, 45 B.R. 139, 143 (Bcy.E.D.Pa. 1984). See also *In re McCurdy*, 45 B.R. 728 (Bcy.M.D.Pa.1985) and *Blose v. Martens*, 173 Pa.Super. 122, 123, 95 A.2d 340 (1953).

It is accordingly ORDERED that the within action to determine the obligation of the debtor defendants non-dischargeable be, and the same hereby is dismissed.