Frederick Sommer *v.* Joseph H. Huber and John W. Holman, late trading as Huber & Holman, Appellants.

*Practice, C. P.—Charge of court—Secret instructions to jury.*

Instructions to the jury must be given in open court where they may be heard by the parties and their counsel.

It is error for the trial judge in the absence of the parties and their counsel to send written instructions to the jury after they have retired, although sent in answer to a written request from the jury for instructions.

Argued May 19, 1897. Appeal, No. 145, Jan. T., 1897, by defendants, from judgment of C. P. Lancaster Co., Aug. T., 1894, No. 10, on verdict for plaintiff. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and FELL, JJ.   Reversed.

Assumpsit on contract for salary.   Before BRUBAKER, J.

The defendants, being about to engage in the business of manufacturing candy in the city of Lancaster, entered into a contract on September 8, 1888, with the plaintiff, to superintend the confectionery manufacturing department of their factory for two years, from August 20, 1888, at a salary of $100 per

month. It appeared upon the trial that he was also to suggest to them the necessary machinery, superintend its erection, and, after the factory was in order, to conduct it generally, he having represented himself to be competent to act as superintendent. He entered on his duties on or about August 20, 1888, and was discharged by the defendants on September 29, 1888, they alleging that he was incompetent for his position as superintendent, and careless and negligent in the discharge of his duty. The case was tried upon this issue, the plaintiff proving the contract, his entry upon the performance of his duties, his discharge, his subsequent employment by other parties and the wages received by him; the defendants producing testimony tending to show his incapacity, carelessness, negligence and general inefficiency, as their reasons for his discharge. In rebuttal, there was evidence offered of his capacity, etc.

After the conclusion of the evidence counsel for plaintiff submitted a calculation claiming for the plaintiff the whole amount of compensation at the rate of $100 per month for two years, crediting the defendants with the amount received by him during the two years, and calculating interest on the balance up to the time of trial, making the amount as claimed $1,101.60, and for this amount the verdict and judgment were rendered in favor of plaintiff. Defendants appealed.

The other facts appear by the opinion of the Supreme Court.

*Error assigned* was in communicating with the jury after they had retired.

*George Nauman*, for appellants.—A trial judge should not, after a jury have retired, have any communication with them, except in the presence of counsel: Act of May 24, 1887, sec. 3, P. L. 199; Dent v. King, 2 Graham & Waterman on New Trials, chap. VI., 358; Bunn v. Croul, 10 Johns. 239; Sargent v. Roberts, 1 Pick. 337; Ritchie v. Holbrooke, 7 S. & R. 458.

*Wm. H. Keller*, with him *J. L. Steinmetz*, for appellee.—The rule laid down in Sargent v. Roberts has not been generally followed in this, as well as in many other states, and it would seem that in Pennsylvania, as well as in New York, New Hampshire, South Carolina, Rhode Island and other states, the party

alleging the communication upon a law point as ground for a new trial must show that the instruction was wrong and that he was injured thereby: Allen v. Aldrich, 29 N. H. 63; Shapley v. White, 6 N. H. 172; People v. Kelly, 94 N. Y. 526; N. Y. Code of Crim. Proc. (1890), secs. 427, 465 and 542; School Dist. v. Bragdon, 3 Foster (N. H.), 507; Whitney v. Crim, 1 Hill, 61; Bassett v. Salisbury Mfg. Co., 28 N. H. 438; Cook v. Green, 1 Halsted, 109; Rogers v. Moulthrop, 13 Wendell, 275; Goldsmith v. Solomons, 2 Strobhart (S. C.), 296; Cunningham v. Patton, 6 Pa. 355; Smith v. Times Pub. Co., 178 Pa. 481.

To retry a cause when there is no injury to redress would be not only useless, but vexatious and expensive: Boyd v. Boyd, 1 Watts, 365; R. R. v. Rhodes, 180 Pa. 157; Saville v. Lord Farnham, 2 Manning & Ryland, 216.

The testimony of jurors is not received, whether by affidavit, deposition or otherwise, to impeach their verdict, to explain it, to show on what ground it was rendered, or to show a mistake in it, or that they misunderstood the charge of the court, or that they otherwise mistook the law: Willing v. Swasey, 1 Browne, 127; Robbins v. Windover, 2 Tyler (Vt.), 11; Thompson and Merriam on Juries, 539; 3 Graham and Waterman on New Trials, 1428, 1438; Leib v. Bolton, 1 Dall. 82; Cluggage v. Swan, 4 Binn. 150; Hutchinson v. Sandt, 4 Rawle, 234; White v. White, 5 Rawle, 61; Murdock v. Sumner, 22 Pick. 156; Haight v. Turner, 21 Conn. 593.

OPINION BY MR. JUSTICE McCOLLUM, November 8, 1897:

The general and well-settled rule is that instructions to the jury must be given in open court where they may be heard by the parties and their counsel. It is said in 11 Am. & Eng. Ency. of Law, page 257, that there must be no private communication between the judge and the jury, and it was held in the cases cited on pp. 257 and 258 of the same volume that " he must not go to the room where they are deliberating even for the purpose of giving additional instructions, or to answer certain questions, or, in the absence of counsel, at the request of the jury to expound the charge to them; or to go to their room and suffer them to put certain questions to him, though he do not answer them; or to visit them in their room merely for the purpose of informing them that if they should desire any further

information on matters of law they should ask him for it, even though he hold no other communication with them; or at their request to send a paper to them in the absence of counsel, or to write a letter to them, or to send a written instruction to them as in answer to a request made by them in writing." In Hilliard on New Trials, p. 374, sec. 157 (2d ed.), the author says: " For the court to give instructions to the jury during the hour of recess without notice to the parties or their counsel, and in their absence, is error. So after the jury have retired it is error to allow them to come into court and instruct them in the absence of the parties, or their counsel; and such instructions will be considered important, if the contrary is not shown, from the fact that the jury have asked for them." See also Proffatt on Jury Trials, p. 415, sec. 348.

The quotation we have made from the encyclopedia is a summary of the points determined by the cases cited in the notes. It was not intended as an indorsement of the decision in each case. It was made for the purpose of showing the trend of the decisions in other states, on the subject of private communications between the judge and the jury. This explanation is made to prevent misapprehension of our purpose in making the quotation.

In the case under consideration there was a clear and unwarranted departure from the rule as we have stated it. After the jury had retired to their room to deliberate upon their verdict the learned trial judge received from them two written requests for instructions, to one of which he admits he returned a written answer. The communications between the judge and the jury were not preserved, and there was nothing on the record to give notice of them. Neither the defendants nor their counsel were advised of them until some time after the verdict was rendered and the jury were discharged. When the defendants learned that there had been private communications between the judge and the jury which related to and possibly affected the verdict in the case, they promptly moved for a new trial which was refused. The learned judge however frankly admitted that he erred in communicating with the jury as above stated, and said that if he was permitted to consult his own feelings in regard to it he would order a retrial. The principal ground of his refusal to correct his mistake by granting a new

trial was that it would give the defendants an advantage because they were residents and influential business men in the community, while the plaintiff was a foreigner by birth and a stranger in it. This certainly was not tenable ground for the refusal, or a justification of it. Before the court and jury the litigants were equals, and alike entitled to have their dispute settled in accordance with the testimony and the law of the land. The inconvenience to which one of them might be subjected by the correction of a mistake prejudicial to the other cannot, therefore, be considered as a bar or obstruction to the rectification of it.

The learned judge in his opinion refusing a new trial discussed at considerable length the question whether the plaintiff was entitled to interest on the damages recoverable for a breach of the contract. The relevancy of this question to the application for a new trial is not apparent. It was not raised by the reasons filed in support of the application, or by the defendants' exceptions to the instructions to the jury. Besides, we find nothing in the specifications of error which suggests it or requires us to consider it. It is true that the learned judge stated in the opinion we have referred to that he answered but one of the requests made by the jury for instructions, and that his reply to it was " the plaintiff is entitled to interest." On this statement and the cases cited in connection with it he concluded that his instruction to the jury was not erroneous, although he considered that the private communication of it was a mistake. We are unable to find in the opinion however any reasonable excuse for a departure from the settled rule respecting instructions affecting the rights of litigants and the issues between them. It was five months after the verdict was recorded before the opinion was filed, and it is obvious that the latter was based on the recollection of the judge of the instructions privately communicated by him to the jury. But his recollection concerning the instructions appeared to be at variance with and directly opposed to the recollection of the jurors who testified in regard to them. In view of the disagreement as to the nature and effect of the private communications between the judge and the jury it was the plain duty of the former to set aside the verdict and order a new trial. Under the circumstances shown it is impossible to ascertain with any cer-

tainty what instructions were solicited or given in the forbidden communications. While this condition may be acceptable to the successful party, it is not satisfactory to the defeated litigants, who, we think, have just cause to complain of it and of the action of the court which created it. It is important that the litigants should know what instructions affecting the issues between them were given to the jury in their absence. For them to know that instructions had been privately communicated to the jury, and to be unable to ascertain what they were, is quite likely to create a suspicion of unfairness and to impair their confidence in the court. An erroneous instruction given to the jury in open court, and in the presence of the parties and their counsel, is not so objectionable as the secret instruction of which there is no record, and the nature and effect of which cannot be definitely ascertained. The former may be intelligently reviewed while the latter cannot be. The verdict, however, may be set aside, or the judgment entered upon it may be reversed on the ground of an unwarranted departure from the rule which condemns secret instructions to the jury in relation to questions raised by the pleadings or the evidence, as opposed to the proper administration of justice.

Judgment reversed and venire facias de novo awarded.