## Commonwealth ex rel. Rivers, Appellant, *v.* Myers.

440

Argued June 7, 1963. Before BELL, C. J., MUSMAN-NO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Julian B. P. Brereton,* Assistant Defender, with him *Herman I. Pollock,* Defender, for appellant.

*Charles Jay Bogdanoff,* Assistant District Attorney, with him *Louis F. McCabe* and *Arlen Specter,* Assistant District Attorneys, *F. Emmett Fitzpatrick, Jr.,* First Assistant District Attorney, and *James C. Crumlish, Jr.,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE O'BRIEN, May 11, 1964:

On April 17, 1957, the petitioner pleaded guilty to a charge of murder and was found guilty of murder in the first degree by a three judge court en banc. The court sentenced the appellant, along with co-defendants Robert Lee Williams and James Cater, to death in the

electric chair. Appeals were taken to this court and we concluded that the determination of first degree murder was proper; however, for reasons contained in that opinion, we vacated the sentence of death as to the appellant and James Cater and remitted the records for re-sentencing. *Commonwealth v. Cater,* 396 Pa. 172, 152 A. 2d 259 (1959). In the same opinion we affirmed the judgment as to Robert Lee Williams and he was executed October 28, 1959.

The court below then took further testimony and reaffirmed the sentence of death. In a subsequent appeal to this court, we affirmed the sentence of death imposed upon the petitioner and a reargument was denied. *Commonwealth v. Cater,* 402 Pa. 48, 166 A. 2d 44 (1960).

The Supreme Court of the United States denied appellant's petition for certiorari. *Cater v. Pennsylvania,* 366 U.S. 914 (1961).

The petitioner then filed a petition, in the United States District Court for the Eastern District of Pennsylvania, for a writ of habeas corpus. The writ was denied. The petitioner appealed the denial of the writ to the Court of Appeals which denied the petitioner's right to the writ. The Supreme Court of the United States then denied certiorari. (371 U.S. 841). The petitioner then requested the granting of a writ of habeas corpus by the Court of Common Pleas No. 3 of Philadelphia County. The denial of this writ is the subject of this appeal.

The execution of the petitioner was stayed pending the outcome of the case at bar.

The petitioner presents three questions on appeal:

"1. a. Where medical evidence in support of appellant's Petition for a Writ of Habeas Corpus reveals that at the time appellant entered a plea of guilty to mur-

der he was a mental defective who was unable to appreciate the peril of his position, to effectively or even properly consult with his counsel and to assist in his defense or to understand and appreciate the import of the proceedings, did the court err in refusing to set aside the plea of guilty?

"b. Under these circumstances was the refusal of the appellant's request to withdraw his plea a denial of his rights under the State and Federal Constitutions?

"2. In a Habeas Corpus proceeding in which it is claimed that the appellant was incompetent to enter a plea of guilty to murder, did the court commit error in denying appellant's motion that the hearing be heard en banc?

"3. Where counsel for appellant under sentence of death was appointed to represent the appellant five days before the hearing on a Writ of Habeas Corpus and counsel was not able to confer with appellant until two days before the hearing, the appellant then being confined in a distant institution, and where counsel needed further time to investigate the facts of appellant's case, did the Court err in denying the petitioner's motion for a continuance?"

The first issue raised by the appellant is that his pleas of guilt should have been set aside because of his lack of mental competence to (a) appreciate the peril of his position (b) to communicate effectively with counsel (c) to assist in his defense and to understand the nature of the proceedings.

In support of this proposition the petitioner-appellant, in his brief, calls our attention to testimony which describes the appellant as a low grade moron or high grade moron or "mentally defective".

The petitioner contends that because he is a low grade moron he was unable to understand the nature

of the proceeding and was unable to communicate with counsel. The lower court in dealing with this issue correctly cites *Com. ex rel. Ashmon v. Banmiller*, 391 Pa. 141, 137 A. 2d 236 (1958), which stands for the proposition that trial errors are not the proper subject of a habeas corpus proceeding, as the writ cannot be substituted for an appeal from the entry of judgment. There is nothing to indicate that counsel for Rivers was not fully prepared and informed of Rivers' mental condition. Even more important, the record clearly reveals that at the outset of the trial, Mr. Levy, defendant's experienced counsel, satisfied himself and the Court that the defendant Rivers understood the import and effect of the trial and the effect of his plea. Cf. *Com. ex rel. Simon v. Maroney*, 405 Pa. 562, 176 A. 2d 94 (1961).

The fact that a person who commits murder or any felony is a low grade or high grade moron or a mental defective is not legal excuse or legal justification for crime nor for a commensurate punishment and sentence. *Commonwealth v. Melton*, 406 Pa. 343, 349, 178 A. 2d 728 (1962) ; *Commonwealth v. Smith*, 405 Pa. 456, 459, 176 A. 2d 619 (1962) ; *Commonwealth v. Elliott*, 371 Pa. 70, 89 A. 2d 782 (1952).

The second issue raised by the appellant is that the hearing on the writ of habeas corpus should have been heard by the court en banc. The final reason advanced for this proposition is that Rule 43 of the Rules of the Courts of Oyer and Terminer and General Jail Delivery and Quarter Sessions of the Peace in part reads as follows : "Pleas of guilty to indictments for murder shall be heard by a Court en banc, consisting of the judge before whom the plea is entered and two other judges who shall be called in by him for that purpose".

Therefore, appellant argues, since the issue went to

the propriety of the guilty plea, a court en banc should have heard the case. However, the petition for a writ of habeas corpus is a civil action and the procedural rules of criminal court do not apply to civil actions.

The third point raised by the appellant is that the court erred when it denied the petitioner-appellant's motion for a continuance. The reason counsel for the appellant sought a continuance was that he had only five days to prepare for the case after his appointment and he was not able to speak with his client until two days before this hearing. Pa. R. C. P. 216 provides the grounds for which a continuance may be granted and, unless the case falls within one of the special exceptions listed in the rule which provides for a continuance, the decision rests in the sound discretion of the trial judge. In this case it does not appear that the trial judge abused his discretion in denying a continuance of a case, the facts of which have been litigated several times over the past six years.

For the reasons stated, the order of the court below is affirmed.

---

DISSENTING OPINION BY MR. JUSTICE COHEN:

After a detailed examination of the record the majority came to the inevitable conclusion that Rivers is mentally defective. To me, this is sufficient to compel this Court to set aside the plea of guilty and place the petitioner in the same position as though a plea had not been entered. The re-imposition of the death penalty by the sentencing court disregarded the evidence that established the petitioner as a low-grade moron, mentally defective and mentally ill, thus depriving him of his constitutional protections. See *Commonwealth v. Cater*, 402 Pa. 48, 166 A. 2d 44 (1960). We should eagerly grasp the opportunity to rectify the error we

made when by a vote of 4-3 we affirmed the imposition of the death sentence.

I dissent.