Commonwealth ex rel. Smith, Appellant, *v.* Rundle.

94

Argued April 26, 1966. Before Bell, C. J., Musmanno, Jones, Cohen, Eagen, O'Brien and Roberts, JJ.

*Ray E. Machen,* with him *Bernard L. Lemisch,* for appellant.

*John A. McMenamin,* Assistant District Attorney, with him *Joseph M. Smith,* Assistant District Attorney, and *Arlen Specter,* District Attorney, for appellee.

OPINION BY MR. JUSTICE EAGEN, October 7, 1966:

This is an appeal from an order below dismissing an action in habeas corpus without hearing.

The appellant, Frank Smith, is confined under a sentence of life imprisonment imposed on June 28, 1950, following his conviction by a jury of murder in the first degree. Throughout the trial proceedings, he was represented by self-retained counsel. A motion for a new trial was filed and later withdrawn. No appeal from the judgment was entered.

In the present action, Smith contends, that the trial resulting in his conviction and sentence lacked due process because it was basically unfair and fraught with multiple trial errors. He complains: (1) that the trial court permitted in evidence at trial police witness testimony, that during questioning Smith was confronted by alleged accomplices[1] who made recorded statements in his presence that they, together with Smith, committed the robbery[2] and that Smith failed to deny their statements; (2) that the trial judge erred in his instructions to the jury concerning the impact of Smith's failure to enter a denial on the occasion described; (3) that the trial judge erroneously prejudiced Smith's trial by permitting his accomplices (Young and Collins) to be present in court and to be identified without being called as witnesses; (4) that the trial court erred in permitting to be read at trial the recorded statements of Young and Collins made in the pres-

---

[1] These individuals, Jesse Young and John F. Collins, later entered a general plea of guilty to the charge of murder, and after hearing were adjudged guilty of murder in the first degree and sentenced to life imprisonment.

[2] A fatal beating occurred during this robbery.

ence of Smith which involved him in the crime; (5) that the trial judge erroneously permitted the prosecution to plead surprise during the testimony of a witness and to then cross-examine this witness; (6) that the trial judge erred in instructing the jury that a not guilty verdict "would be a miscarriage of justice"; and (7) that Smith was held incommunicado for eleven days by the police before being given a preliminary hearing.

It is readily apparent that Smith's complaints, in large part, involve questions that should have been raised by direct appeal and are not a proper basis for the issuance of habeas corpus. See, *Commonwealth ex rel. Robinson v. Myers,* 420 Pa. 72, 215 A. 2d 637 (1966), and *Commonwealth ex rel. Rivers v. Myers,* 414 Pa. 439, 200 A. 2d 303, cert. denied, 379 U. S. 866 (1964). However, if the trial were basically unfair and thus violated the constitutional requirements of due process, or if any part of the proceedings involved constitutional errors, the remedy of habeas corpus is properly employed. See, *Commonwealth ex rel. Robinson v. Myers,* supra, and *Commonwealth ex rel. Butler v. Rundle,* 407 Pa. 535, 180 A. 2d 923 (1962). Therefore, we have carefully examined the record in depth. We find no valid reason why the writ should issue. We will, therefore, affirm.

The Commonwealth's trial testimony established that three men committed an armed robbery of a taproom in the city of Philadelphia, and during its occurrence a patron, one William Hill, was beaten over the head with a revolver causing injury resulting in death. Testimony of two eyewitnesses unequivocally identified Smith as one of the felons. Further, Smith testified at trial and admitted participation in the robbery, but denied having a revolver or assaulting the deceased victim. The defense also argued, although the Commonwealth's evidence as to the cause of death was uncon-

tradicted, that the death was due to natural causes and not an assault.

In view of this record, particularly Smith's own trial testimony, we find no merit in the argument that the trial judge's comment, that a not guilty verdict would be a miscarriage of justice, was unwarranted or unfair. This is especially so, since it also appears that the jury received careful instructions that the determination of all factual questions was solely for its decision, and that a not guilty verdict could be returned.

As to the alleged trial error of admitting testimony that Smith failed to deny the incriminating statements of his accomplice and thus made a tacit admission of the truth of the accusations, *Commonwealth ex rel. Shadd v. Myers*, 423 Pa. 82, 223 A. 2d 296 (1966) is generally controlling. However, there is an added circumstance in connection therewith that indicates discussion.

According to the trial testimony Smith, Young and Collins were first questioned about the crime on the night immediately following its occurrence. During this period Young, in the presence of Smith and Collins, orally stated that the three had joined in committing the robbery and that Smith had hit the victim, Hill. At this time Smith, "tightened his lips," "lowered his head and shook his head from side to side." Smith was then asked if he wished to ask Young any questions. He remained silent. Shortly thereafter, again with all three present, Collins orally stated that what Young said about the commission of the robbery was true, but that he did not see or know if Smith hit Hill. Following this Smith remained silent and did not indicate in any manner that the statement was untrue. The following morning Smith, Young and Collins were again questioned in the presence of each other. Warnings were given that anything they said would be taken down and used against them in court.

Young was specifically told that he was entitled to be represented by counsel during the questioning. He declined such assistance. The questions and answers were typewriter recorded. Therein Young and Collins essentially repeated what they had said the night before. Smith was asked if he heard the accusations. He answered "Yes", but refrained from further comment.

This testimony was admitted under the rule of evidence heretofore long followed in Pennsylvania, that Smith's behavior and silence under the circumstances could be construed by the jury as an admission or tacit acquiescence in the truth of the incriminating statements of his accomplices. See, *Commonwealth ex rel. Shadd v. Myers,* supra.[3] In charging the jury the trial judge said that his impression of the description given as to how Smith tightened his lips and shook his head (when first confronted with Young's admissions and accusations) was one of consternation or surprise that his buddies had told on him. However, he immediately added that his impression was not binding on the jury and that if they concluded "that Smith said no, then you cannot consider that testimony, because Smith then made a denial. Where a man makes a denial, then any statement made against him in his presence cannot be considered." We fail to see merit in the argument that this instruction was unfair or violated the constitutional requirements of due process.

Finally, as noted before, Smith complains that he was held incommunicado by the police and not given a preliminary hearing for eleven days. This, of course, is not condoned and is not now permitted under our new Rules of Criminal Procedure. However, the absence of an immediate preliminary hearing does not,

---

[3] See, however, *Miranda v. Arizona,* 384 U. S. 436, 468, footnote 37, and *Johnson v. New Jersey,* 384 U. S. 719, 733, stating that *Miranda* is not to be applied retroactively.

per se, constitute a violation of constitutional rights. See, *Commonwealth ex rel. Fox v. Maroney,* 417 Pa. 308, 207 A. 2d 810 (1965), and *Commonwealth ex rel. Shaffer v. Cavell,* 419 Pa. 218, 213 A. 2d 380 (1965). Herein, aside from the evidence of tacit admissions made within a period of thirty-six hours following his arrest, and to which no allegation of coercion was suggested at trial, nothing prejudicial occurred at trial resulting from Smith's confinement.

Order affirmed.

Mr. Justice COHEN concurs in the result.

———

DISSENTING OPINION BY MR. JUSTICE ROBERTS:

I dissent from the majority opinion because I am convinced that a trial judge's charge, which expresses the view that a not guilty verdict would result in "a miscarriage of justice," renders any subsequent determination of guilt in that trial constitutionally infirmative. Thus on two prior occasions I have expressed my belief that "it is undesirable, unnecessary and unfair to allow the trial judge to inform the jury that, in his opinion, the defendant is guilty." *Commonwealth v. Young,* 418 Pa. 359, 366, 211 A. 2d 440, 443 (1965) (concurring opinion); *Commonwealth v. Ott,* 417 Pa. 269, 274, 207 A. 2d 874, 877 (1965) (concurring opinion). See also the dissenting opinion of Mr. Justice MUSMANNO in *Commonwealth v. Raymond,* 412 Pa. 194, 209, 194 A. 2d 150, 157 (1963), cert. denied, 377 U. S. 999, 84 S. Ct. 1930 (1964).

Such an instruction is unnecessary because the jury system is premised on the assumption that if a not guilty verdict would indeed be a miscarriage of justice, the jury will recognize their responsibility and act accordingly. It is undesirable for the same reason that opinion evidence is excluded, except in those situations where the special skill of an expert is needed in order to aid the jury in reaching its own conclusions. Thus,

in view of the danger that the jury may permit the expert to usurp its role as the ultimate fact finder, the witness may not testify as to his own conclusions. And it is unfair since the jury undoubtedly is going to attribute to the judge, because of his experience in hearing criminal cases, special expertise in discerning guilt or innocence. Moreover, "a juror may not mind disagreeing with a judge on factual matters but he would dislike very much placing himself in the category of a person who has participated in a miscarriage of justice, judicially proclaimed." *Commonwealth v. Raymond,* supra at 210, 194 A. 2d at 158. 412 Pa. 194, 210 (1963) (dissenting opinion). Cautioning instructions are not adequate to vitiate the inherent prejudice of the trial court's expressed opinion. Cf. *Jackson v. Denno,* 378 U. S. 368, 84 S. Ct. 1774 (1964).

In light of *Commonwealth v. Young,* supra, and *Commonwealth v. Ott,* supra, the majority cannot conclude that appellant's argument on this point contains "no merit." Rather they must be dismissing this contention because they find, in light of appellant's trial testimony, nonprejudicial error. But given the constitutional right to a trial by jury and the presumption of innocence, we may not substitute our belief of guilt, however justified it may seem to us on the record, for the independent ascertainment of guilt by a jury under proper judicial guidance. Cf. *Bollenbach v. United States,* 326 U. S. 607, 615, 66 S. Ct. 402, 406 (1946).

Finally, I must also express my disagreement with the majority's treatment of petitioner's tacit admission. *Commonwealth ex rel. Shadd v. Myers,* 423 Pa. 82, 91, 223 A. 2d 296, 301 (1966) (dissenting opinion).

Mr. Justice MUSMANNO joins in this dissenting opinion.