Yarsunas *v.* Boros, Appellant.

Argued October 3, 1966. Before BELL, C.J., MUS-
MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS,
JJ.

*William J. Lancaster,* with him *Charles J. Duffy,
Jr.,* for appellant.

*Fred W. Dunton,* with him *Stein and Winters,* for appellee.

OPINION BY MR. JUSTICE EAGEN, November 15, 1966:

This is a personal injury action arising out of an automobile accident in which the plaintiff was seriously injured. The issue came on for trial, and the jury returned a verdict for the plaintiff in the sum of $11,-300. The lower court granted plaintiff's motion for a new trial. The defendant appeals.

In the court below, the plaintiff seeking a new trial strenuously argued that the verdict was totally inadequate in view of the injuries suffered. The court overruled this contention and expressed the view, that the evidence as to the extent of the injuries caused by the accident was in serious dispute, and the jury could properly have concluded that the plaintiff was not as seriously injured in the accident as he complained. However, in view of our recent decision in *Gould v. Argiro,* 422 Pa. 433, 220 A. 2d 654 (1966), it felt compelled to grant a new trial solely because of the following occurrence during the proceedings.

After the charge of the court and during the jury's deliberations, the jurors sent to the trial judge, through a court attendant, a written memorandum containing the following questions: "Are these attorneys from Insurance Co's or are they personal Attorneys? If these are personal contingency lawyers should we take attorney's fee into consideration?"[1]

---

[1] The following incident during the trial probably stimulated this illogical and irrelevant approach by the jury to the issues involved: In cross-examining the defendant's physician witness, plaintiff's counsel attempted to elicit facts manifesting his conclusions were inaccurate and based upon inadequate information. The witness unresponsively and gratuitously stated: "I am sure, Mr. Dunton, that you are very familiar with my work. I do quite a bit of work for your outfit of Stein & Winters."

The trial judge did not notify counsel for the parties involved of the jury's inquiry,[2] but proceeded, in the absence of counsel, to answer the questions on the same sheet of paper (which was sent back to the jury) in the following manner: "Mr. Dunton and Mr. Lancaster represented their clients, and you are to consider only those matters that I discussed in my charge to you."

Subsequently, the jury returned its verdict, following which the trial court informed counsel, for the first time, of the jury's inquiry during its deliberations and directed that the memorandum containing the questions and answer be made part of the record.

In *Gould v. Argiro,* supra, we ruled that *any* instruction by the trial judge to the jury in the absence of counsel requires the grant of a new trial *regardless of prejudice.* In *Kersey Manufacturing Co. v. Rozic,* 422 Pa. 564, 222 A. 2d 713 (1966), while the communication between the trial judge and the jury in the absence of counsel was admittedly innocuous and well intended, we reaffirmed the ruling in *Gould,* supra, and Mr. Justice JONES speaking for the Court pointedly said at 569: "The practice of trial judges in communicating with the jury or instructing the jury in any manner whatsoever, *other than in open court and in the presence of counsel for all parties,* must be terminated." *Kersey,* supra, clearly controls the present case and mandates our affirmance of the retrial order.

The inherent possible harm of permitting trial courts to communicate with jurors during their deliberations in the absence of counsel is so readily manifest that discussion thereof is unnecessary. Further, such a practice is repugnant to our long established trial procedure. See, *Hunsicker v. Waidelich,* 302 Pa. 224, 153 A. 335 (1931), and *Sommer v. Huber,* 183 Pa. 162,

[2] There is nothing in the record to suggest that they were not available.

38 A. 595 (1897). It is argued that each case should be decided on an ad hoc basis, and that in the absence of a showing of actual prejudice, an inadvertence by the trial court in privately communicating with the jury should be overlooked as harmless error. Such a rule would surely lead to confusion and inconsistent results. Further, past experience dictates that guidelines for trial judges, in this respect, be fixed and clear in order that all possible prejudice to litigants' causes be completely eliminated.

Appellant also argues, that since plaintiff's counsel failed to complain of the trial court's action until the motion for a new trial was filed, the objection thereto was untimely. As noted before, counsel was not informed of the incident involved until after the verdict was recorded. The opportunity to object at the time the complained of incident occurred was therefore denied, and under the circumstances the question was properly and timely raised in the motion for a new trial.

Order affirmed.

----

DISSENTING OPINION BY MR. CHIEF JUSTICE BELL:

Statements of a Judge to a jury in the absence of counsel and in answer to a jury's request, do not constitute reversible error or justify a new trial unless the communication from the Judge amounted to an *instruction* to the jury, as that term has always been used and understood, and constituted prejudice to one or both of the parties. *Sebastianelli v. Prudential Insurance Co. of America*, 337 Pa. 466, 12 A. 2d 113; *Allegro v. Rural Val. Mut. F. Ins. Co.*, 268 Pa. 333, 112 Atl. 140; *Cunningham v. Patton*, 6 Pa. 355.

In my judgment, the law now established by the majority is unrealistic, unfair to society, and will substantially increase litigation which we are striving to reduce.

DISSENTING OPINION BY MR. JUSTICE ROBERTS:

I am unable to agree with the granting of a new trial in this case for the reasons stated in my concurring opinion in *Kersey Mfg. Co. v. Rozic*, 422 Pa. 564, 570, 222 A. 2d 713, 716 (1966).

In its initial opinion the court below denied appellee's motion for a new trial because of the absence of prejudicial error. However, after reading the statement in *Gould v. Argiro*, 422 Pa. 433, 220 A. 2d 654 (1966) that any communication in the absence of counsel between judge and jury "requires a new trial regardless of prejudice," the trial court granted the motion. While I believe the result in *Argiro* was correct, I do feel that the quoted language is both unfortunate and an incorrect statement of the law and wish to disassociate myself from the reasoning of that opinion. See *Kersey Mfg. Co. v. Rozic*, 422 Pa. 564, 570, 222 A. 2d 713, 716 (1966) (concurring opinion); cf. *Heck v. Beryllium Corp.*, 424 Pa. 140, 226 A. 2d 87 (1966) (concurring and dissenting opinion); *Lobalzo v. Varoli*, 422 Pa. 5, 7, 220 A. 2d 634, 636 (1966) (concurring opinion); *Commonwealth v. Kulik*, 420 Pa. 111, 114, 216 A. 2d 73, 74 (1966) (dissenting opinion).

"The reason for prohibiting a trial judge from communicating with a jury ex parte is to prevent the court from unduly influencing the jury and to afford counsel an opportunity to become aware and to seek to correct any error which might occur. Where there is no showing either that the court's action may have influenced the jury or that its directions were erroneous, then the reason for the rule dissolves." *Kersey Mfg. Co. v. Rozic*, supra at 572, 222 A. 2d at 716. No such showing has been made in the instant case. The trial court's written answer to the jury's inquiry was unquestionably complete and correct as given; it undoubtedly would have been precisely the same had

counsel been present. Moreover, not only would any objection have been without merit but also this Court would not have disturbed the court's discretion on this ruling.

Ironically the majority's view on prejudicial error in a criminal case where the trial judge actually expresses his view as to what the verdict should be, with which I also disagree, is far less stringent even though the danger resulting from this improper judicial practice is far more real than has been shown to be the case here. See *Commonwealth ex rel. Smith v. Rundle*, 423 Pa. 93, 223 A. 2d 88 (1966).

In my view the majority's action constitutes an unnecessary reproach to the trial judge, creates an undue hardship on the appellant, and is an unneeded addition to the trial courts' ever increasing backlog.

I dissent.

Mr. Chief Justice BELL and Mr. Justice MUSMANNO join in this dissenting opinion.