## Commonwealth v. Milliner, Appellant.

538

Argued November 13, 1970. Before JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*David Rudovsky,* Assistant Defender, with him *John W. Packel,* Assistant Defender, and *Vincent J. Ziccardi,* Defender, for appellant.

*James T. Owens,* Assistant District Attorney, with him *Milton M. Stein,* Assistant District Attorney, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE O'BRIEN, April 22, 1971:

Appellant was tried before a judge and jury on December 12-17, 1968, on a charge of rape. On December 17, at approximately 3:30 p.m., four and one-half hours after the jury had begun its deliberations, the court crier told the judge the following: At approximately 2:00 p.m., he had been asked by the jury foreman whether the appellant had made a statement at the time he was arrested and had replied "I don't know

and even if I did I couldn't tell you." He then asked the foreman if the jury wanted further instructions and was told they did not. However, approximately an hour and one-half later the foreman again asked him whether the appellant had made a statement. The court crier told him that he could not answer the question and asked "Do you have a problem?" This time the jurors indicated that they did, which was why the court crier came to the judge with the jury's request for a meeting at which they could seek further instructions.

The trial judge and the two attorneys then met to discuss how the court should handle the forthcoming jury's request for instructions. The appellant's counsel stated that it was his opinion that the jury was considering matters not in evidence, and in particular a non-existent confession by the appellant. He urged that the court not confine itself to instructing the jury that there was no evidence of any statement before them, but that it elaborate to make it clear that no statement existed. During this discussion, appellant's counsel indicated a fear that the jury might be reacting to extensive coverage in the news media concerning the Paul Ware case where the district attorney requested the court to nolle pros. four murder charges against a defendant because his confessions were invalid under *Miranda v. Arizona,* 384 U.S. 436 (1966).

However, the trial court and counsel never learned for certain what was on the jurors' minds. Between twenty minutes and a half hour after the court and the attorneys began their discussions, before the jury had been returned to the courtroom to make its request to the judge for additional instructions, the jury reported that it had agreed upon a verdict. Immediately thereafter the jury's verdict of guilty was received. After polling the jury, the court recorded the verdict.

At the request of appellant's counsel, a post-trial hearing was held on January 15, 1969. At this hearing

the court crier and his assistant testified. Their testimony did not materially differ from what the crier had told the judge on the day of the jury's deliberations. Appellant's counsel also requested that the jurors be questioned as to their deliberations, but this request was denied and the Superior Court affirmed the judgment of sentence. *Commonwealth v. Milliner*, 216 Pa. Superior Ct. 786, 261 A. 2d 115 (1970). We granted allocatur.

On appeal, appellant urges that the trial court erred in denying appellant's request for a hearing to determine whether the jury considered matters not in evidence in reaching its verdict. He emphasizes, in raising this argument, that the court crier's testimony was objective, independent evidence indicating that extraneous factors were considered by the jury. We do not accept appellant's view of the facts. The court crier's remark to the jury that he could tell them nothing about the case was correct and not harmful to appellant, quite unlike the clearly prejudicial remarks made by a bailiff in *Parker v. Gladden*, 385 U.S. 363 (1966), upon which the appellant relies. Moreover, appellant's counsel was fully informed about the conversation between the jury foreman and the court crier before the verdict was recorded. He made no objection nor did he request that the jurors be questioned at that time. We have frequently stated that in the absence of fundamental error, a party may not sit idly by, taking his chances on a verdict, only to appeal if the verdict is adverse.

Order affirmed.

Mr. Justice EAGEN dissents.

Mr. Chief Justice BELL took no part in the consideration or decision of this case.

Mr. Justice COHEN took no part in the decision of this case.

DISSENTING OPINION BY MR. JUSTICE ROBERTS:

In my view the court crier's two conversations with the jury entitle appellant to a new trial, and for this reason I dissent.

The majority asserts that the court crier's remarks to the jury were "not harmful to appellant". However, a majority of this Court has held in a series of civil cases that any communication from the judge to the jury in the absence of counsel requires the granting of a new trial, no matter how innocuous or nonprejudicial that communication might have been. See *Argo v. Goodstein*, 424 Pa. 612, 228 A. 2d 195 (1967); *Yarsunas v. Boros*, 423 Pa. 364, 223 A. 2d 696 (1966); *Kersey Manufacturing Co. v. Rozic*, 422 Pa. 564, 222 A. 2d 713 (1966); *Gould v. Argiro*, 422 Pa. 433, 220 A. 2d 654 (1966). There is certainly no justification for our being any less scrupulous in insulating a criminal jury from any improper outside influence, and while I remain unpersuaded as to the wisdom of this prophylactic rule,* if a majority of this Court is to apply that rule in civil trials it should likewise be applied in criminal trials where liberty or even life itself is at stake. It does not matter that the above cases all involved communications by a judge whereas this case involves jury conversations with a court crier: remarks by a court crier are even less proper than remarks by a judge in the absence of counsel.

Moreover, I believe that there was at least potential prejudice in the present case. On two separate occasions one and one-half hours apart, the foreman of the jury inquired of the court crier whether appellant had made any statement at the time of his arrest. These inquiries raised the distinct and substantial suspicion that the

---

* See *Yarsunas v. Boros*, supra, at 368, 223 A. 2d at 698 (dissenting opinion); *Kersey Manufacturing Co. v. Rozic*, supra, at 570, 222 A. 2d at 716 (concurring Opinion).

jury was including in its deliberations matters not in evidence. Upon learning of these events, the trial court should have immediately summoned the jurors into the courtroom and warned them again of their duty to render a verdict solely on the basis of the evidence presented at trial, thereby reducing the possibility that that duty would be disregarded.

Finally, I cannot agree with the majority's determination that appellant has waived his oportunity to seek the reversal of his conviction upon the basis of the court crier's conversations with the jury. The purpose of the doctrine of waiver is to ensure that the trial court be alerted to any possible errors. The trial court in the instant case was so alerted. As the majority itself states, appellant's counsel promptly expressed his concern as to the ominous implications of the jury foreman's conversations with the court crier and requested appropriate cautionary instructions. The giving of such instructions was precluded by the trial court's later acceptance of the jury's verdict. This the trial court should not have done.