## Commonwealth ex rel. Marshall, Appellant, *v.* Gedney.

Argued May 23, 1974. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Douglas Riblet,* Assistant Defender, with him *Andrea Levin* and *John W. Packel,* Assistant Defenders, and *Vincent J. Ziccardi,* Defender, for appellant.

*Michael F. Henry,* Assistant District Attorney, with him *Steven H. Goldblatt,* Assistant District Attorney, *Abraham J. Gafni,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for appellee.

OPINION BY MR. JUSTICE ROBERTS, July 1, 1974:

Ruby Marshall was arrested by Philadelphia police on a fugitive warrant prompted by an extradition request from the governor of Kansas. This appeal is from the denial by the court of common pleas of appellant's petition for a writ of habeas corpus. Because the only issue presented is whether appellant may be extradited, jurisdiction on appeal is properly in the Superior Court. We therefore transfer the appeal to that court.[1]

The Superior Court has appellate jurisdiction in appeals from all final orders of the courts of common pleas except in that class of appeals within the exclusive appellate jurisdiction of either this Court or the Commonwealth Court. Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. III, § 302, 17 P.S. § 211.302 (Supp. 1974). The question is whether an appeal from the grant or denial of a writ of habeas corpus is within this Court's exclusive appellate jurisdiction when the crime charged in the demanding state is felonious homicide.

Appellant asserts two bases for the contention that her appeal is properly in this Court. We can accept neither.

It is first urged that this is an appeal from a final order of a court of common pleas in a case of felonious homicide over which this Court has jurisdiction pursu-

---

[1] Section 503(b) of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. V, § 503(b), 17 P.S. § 211.503(b) (Supp. 1974), provides for transfer of appeals taken in the wrong court.

ant to section 202(1) of the Appellate Court Jurisdiction Act, 17 P.S. § 211.202(1) (Supp. 1974). However, the inquiry in extradition appeals is narrow; it includes no consideration of the substance of the crime charged in the demanding state. *Commonwealth ex rel. Flood v. Pizzo,* 434 Pa. 208, 211, 252 A.2d 656, 657 (1969) ; *Commonwealth ex rel. Banks v. Hendrick,* 430 Pa. 575, 577, 243 A.2d 438, 439 (1968). The scope of the asylum state's inquest is the same whether the alleged fugitive is charged with simple assault or murder in the first degree. Thus in Pennsylvania appellant is not charged with felonious homicide, but with being a fugitive.

The Superior Court has recently faced the question of the scope of section 202(1). After reasoning that jurisdiction must be determined by reference to the Pennsylvania charge against an accused, the court held that when a fugitive charge is involved appellate jurisdiction is in the Superior Court. *Commonwealth ex rel. Colcough v. Aytch,* 227 Pa. Superior Ct. 527, 530, 323 A.2d 359, 360-61 (1974). We are in complete agreement with this conclusion.

Appellant's alternate statutory argument is predicated on section 7 of the Act of May 25, 1951, P.L. 415, § 7, as amended, 12 P.S. § 1907 (Supp. 1974). As originally framed the 1951 Act read: "From the decision of any judge upon any petition for a writ of habeas corpus, or upon any order made pursuant to a hearing on the writ, an appeal may be taken as in other cases. When the basis of the petition is an alleged defect or illegality in a criminal proceeding, the appeal shall be to the court which has appellate jurisdiction in cases involving the crime with which the person imprisoned or detained is charged or of which he has been convicted. In all cases involving the custody of minors or of persons alleged to be mentally ill, appeals shall be to the Superior Court. In all other cases, appeals shall

be to the Supreme Court." Even a hasty reading discloses that this statute as first enacted included two possible grounds—"criminal proceeding" or "all other cases"—for bringing a habeas corpus appeal to this Court rather than to the Superior Court.

We have often exercised in extradition cases the appellate jurisdiction conferred by the 1951 Act. See, e.g., *Commonwealth ex rel. Flood v. Pizzo,* supra; *Commonwealth ex rel. Wolenski v. Shovlin,* 419 Pa. 35, 39 n.4, 213 A.2d 327, 329 n.4 (1965); *Commonwealth ex rel. Dermendzin v. Myers,* 397 Pa. 607, 609, 156 A.2d 804, 805 (1959); *Commonwealth ex rel. Sleighter v. Banmiller,* 392 Pa. 133, 136, 139 A.2d 918, 920 (1958); *Commonwealth ex rel. Hernandez v. Price,* 385 Pa. 44, 45, 122 A.2d 206, 207, cert. denied, 352 U.S. 836, 77 S. Ct. 56 (1956); *Commonwealth ex rel. Henderson v. Baldi,* 372 Pa. 463, 465, 93 A.2d 458, 458 (1953); *Commonwealth ex rel. Paylor v. Claudy,* 366 Pa. 282, 77 A.2d 350 (1951). However, during the same period we have frequently stated that habeas corpus is a civil remedy. *Commonwealth ex rel. Rivers v. Myers,* 414 Pa. 439, 444, 200 A.2d 303, 306, cert. denied, 379 U.S. 866, 85 S. Ct. 135 (1964); *Commonwealth ex rel. Whalen v. Banmiller,* 400 Pa. 606, 608, 162 A.2d 383, 384 (1960); *Commonwealth ex rel. Paylor v. Claudy,* supra at 284, 77 A.2d at 351-52.[2]

These authorities indicate that appellant is in error when she contends that this Court has exercised, and should continue to exercise, appellate jurisdiction in extradition-related habeas corpus cases under the "criminal proceedings" clause of the 1951 Act. In *Commonwealth ex rel. Henderson v. Baldi,* supra, we pertinently observed: "The application for the Writ was intended to avoid the extradition of the relator. The case,

_____
[2] See *Ex parte Tom Tong,* 108 U.S. 556, 559, 2 S. Ct. 871, 872 (1883); Sokol, A Handbook of Federal Habeas Corpus § 2 (1965).

therefore, falls within the description, 'all other cases,' in Section 7 of the Act of 1951 . . . ." 372 Pa. at 465, 93 A.2d at 458.

However, the Appellate Court Jurisdiction Act of 1970 specifically repealed the "all other cases" sentence of the Act of 1951.[3] And the Legislature provided no equivalent ground for appeal to this Court in habeas corpus cases.[4] We therefore conclude, as did the Superior Court in *Colcough,* that because there is no appellate jurisdiction in this Court, in all extradition cases appeals from the grant or denial of a writ of habeas corpus must be taken to the Superior Court.

The appeal is transferred to the Superior Court.

---

[3] Act of July 31, 1970, art. V, § 509, as amended, 17 P.S. § 211.509(a)(149) (Supp. 1974).

[4] See id. art. II, §§ 201-05, 17 P.S. §§ 211.201-.205 (Supp. 1974).