415 A.2d 1243

**COMMONWEALTH of Pennsylvania,**

v.

**William BRADLEY, Appellant.**

Superior Court of Pennsylvania.

Submitted March 23, 1979.

Filed Dec. 14, 1979.

Petition for Allowance of Appeal Granted Oct. 6, 1980.

John W. Packel, Assistant Public Defender, Chief, Appeals Division, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before PRICE, SPAETH and LIPEZ, JJ.

PRICE, Judge:

On September 28 through 30, 1977, appellant was tried before a jury and found guilty of robbery,[1] rape,[2] and involuntary deviate sexual intercourse.[3] Post-verdict motions were denied, and he was sentenced to a term of imprisonment of from five to fifteen years for robbery, ten to twenty years for rape, to be served consecutive to the term for robbery, and ten to twenty years for involuntary deviate sexual intercourse, to be served concurrently with the robbery and rape terms. This appeal was subsequently brought alleging several instances of error in both the trial and sentencing proceedings. We agree that the facts mandate reversal and remand for a new trial.

The pertinent factual and procedural history is as follows. On January 13, 1977, at about 12:30 p. m., acts of unlawful sexual intercourse and involuntary deviate sexual behavior

1.   18 Pa.C.S. § 3701.

2.   18 Pa.C.S. § 3121.

3.   18 Pa.C.S. § 3123.

occurred between appellant and the victim at the latter's apartment. After appellant departed, the victim was taken to the hospital and examined. Appellant was subsequently arrested on January 29, 1977, and brought to trial.

At trial, the following events transpired and form the grounds of appellant's assignment of error. During the course of its deliberations, the jury sent the judge an inquiry which stated, "May we see or hear the hospital report on [the victim]." (N.T. at 353). Although there is no indication in the record that counsel was unavailable, the judge responded to the inquiry without notifying counsel. The court officer was advised to instruct the jury "that the hospital report had been put in by stipulation, and to continue their deliberations." (N.T. at 353). Appellant's counsel did not learn of this communication until the trial judge placed the matter on record after the jury's verdict was delivered.

Appellant argues that the procedure employed by the trial court to communicate with the jury was improper because: (1) the instruction was erroneous; (2) his counsel was not given notice of the jury request to enable him to assist in formulating the response; and (3) the judge should have instructed the jury himself, in open court, and should not have orally relayed information through a court officer. Appellant claims that these improprieties constitute reversible error, and we are constrained to agree.[4]

The Supreme Court of Pennsylvania has strictly prohibited communication between the judge and jury other than in open court and in the presence of counsel for all parties. Although in the past, courts had been content to label communications outside the presence of counsel "bad practice", *Krywucki v. Trommer*, 199 Pa.Super. 145, 184

---

4. We note also that appellant's counsel properly urged the trial judge to place the communication on record thereby preserving it for review, and also timely argued it in his post-verdict motions before the trial court. This case, therefore, is distinguishable from those denying reversal for such communications where counsel sat by taking his chances on a verdict with the intent to appeal if it was adverse. *Commonwealth v. Milliner*, 442 Pa. 537, 276 A.2d 520 (1971); *Murphy v. Taylor*, 440 Pa. 186, 269 A.2d 486 (1970); *DeJohn v. Orell*, 429 Pa. 359, 240 A.2d 472 (1968).

A.2d 389 (1962), and had required a demonstration that actual prejudice to the defendant resulted before a reversal would be warranted, *Krywucki v. Trommer, supra; Commonwealth v. Knable,* 369 Pa. 171, 85 A.2d 114 (1952); *Commonwealth v. Kelly,* 292 Pa. 418, 141 A. 246 (1928), our supreme court is no longer as tolerant of this practice. Currently, the court has condemned "*any* instruction by the trial judge to the jury in the absence of counsel . . . *regardless of prejudice*" and has required the grant of a new trial without a showing of prejudice. *Yarsunas v. Boros,* 423 Pa. 364, 366, 223 A.2d 696, 697 (1966), *reaffirming Gould v. Argiro,* 422 Pa. 433, 220 A.2d 654 (1966) (emphasis in original). These decisions were based upon the realization that it cannot be said with certainty that a case has not been adversely affected by the intrusion of the judge. *Gould v. Argiro, supra.* The necessity of creating a fixed, clear guideline for trial judges to eliminate possible prejudice, *Yarsunas v. Boros, supra,* and avoiding all suspicion of unfairness and impaired confidence in the courts that such secret communications might create, *Argo v. Goodstein,* 424 Pa. 612, 228 A.2d 195 (1967); *Sommer v. Huber,* 183 Pa. 162, 38 A. 595 (1897), has also been recognized. Because of the importance of this prophylactic rule, its application is demanded even in cases in which the comment was innocently made, and in which there is "no doubt the nature of that which was communicated was innocuous." *Kersey Manufacturing Co. v. Rozic,* 422 Pa. 564, 222 A.2d 713 (1966).

The trial court attempts to distinguish the instant communication from those requiring the presence of counsel because it "conveyed no information," (Opinion at 17), but this attempt fails. The communication in the case at bar is far removed from that examined in *Commonwealth v. Bamber,* 463 Pa. 216, 344 A.2d 799 (1975), upon which the trial judge relies. In *Bamber,* the court received a communication from the jury that they were hopelessly deadlocked, and in response, merely told them to continue working. Recollection and interpretation of the language of the judge were not important, under those facts, to assess the chance of mis-

statements of the law or the facts. Thus, although a new trial was denied, the court in *Bamber* evinced no intent to return to the prior practice necessitating a showing of prejudice before reversal would result.

■ In the present communication, involving the admission into evidence of the contents of a hospital report, the language of the judge was important, and was, as the trial judge admitted, erroneous. (Opinion at 17). The stipulation was not that the hospital record be put into evidence, as the trial judge informed the jury, but rather, was only that the records custodian of the hospital would testify that the complaining witness was treated there for alleged rape. Although the jury had no knowledge of the contents of the report, it is impossible to access the impact of the erroneous information that it was entered into evidence by stipulation. Clearly, therefore, this communication impinges on the standard erected by our supreme court and intrudes on the jury's deliberations.[5]

Additionally, we believe *Gould v. Argiro, supra,* requires all communications to be made a part of the record. Messages sent by way of a court officer, in the manner set forth in this appeal, deprive any reviewing court of the opportunity to determine with certainty the exact message either of judge or jury. The possibilities for error inherent in this procedure through innocent misstatements and misinterpretations of the law, and the introduction of unintended and misleading impressions of the judge's subjective views by the transmitter of the instruction were well noted by the United States Supreme Court in *United States v. United States Gypsum Co.,* 438 U.S. 422, 460–61, 98 S.Ct. 2864, 2885, 57 L.Ed.2d 854 (1978). The correct procedure to be employed is delineated in Pa.R.Crim.P. 1119(c), which states in relevant part: "After the jury has retired to consider its

5. Because a new trial is granted, we need not address appellant's other assignments of error regarding the court's impropriety in interrupting defense counsel's opening, in permitting inferences before the jury of other criminal activity by appellant, and in imposing separate sentences for rape and involuntary deviate sexual intercourse.

verdict, additional or correctional instructions may be given by the trial judge in the presence of all parties, except that the defendant's absence without cause shall not preclude proceeding  .  .  .."

The judgment of sentence is vacated and a new trial is granted.